**BAPTIST FOUNDATION OF TEXAS,**
Appellant,

v.

**Lilla BUCHANAN, Appellee.**

No. 15052.

Court of Civil Appeals of Texas.

Dallas.

Feb. 17, 1956.

Rehearing Denied May 11, 1956.

Burford, Ryburn, Hincks & Ford and Bruce Graham, Dallas, and Jas. S. Grisham, Ben Wheeler, for appellant.

Wynne & Wynne, and A. L. Tisdale, Wills Point, and Sanders & Stanford, Canton, for appellee.

YOUNG, Justice.

This appeal by the Baptist Foundation of Texas is from an order of the District Court of Van Zandt County sustaining a plea in abatement and dismissing its cause of action; on grounds, in effect, that appellant was not a "person interested" in the estate of Carroll Lee Youngblood, deceased, within purview of Arts. 3433 and 5534, Vernon's Ann.Civ.St. Appellant, a religious and charitable corporation, will be herein referred to as the "Foundation" and appellee, sister of decedent, as "Mrs. Buchanan."

Litigation between the named parties arises under separate instruments, each purporting to be the last will and testament of Carroll Lee Youngblood, deceased; one naming the Foundation as chief beneficiary and the other naming Mrs. Buchanan as sole and only devisee; each party filing its respective will for probate in the County Court of Van Zandt County in separate actions, and each seeking to prevent a probate of the will filed by the other. These actions, and contest, along with appellee's plea in abatement, were duly disposed of by County Probate Judge Staton in hearings and orders hereinafter described, inclusive of consolidation of suits, with appeal to the District Court by Mrs. Buchanan. The plea in abatement, renewed in District Court by Mrs. Buchanan, was to effect that the Foundation's will of 1951 had been revoked by the execution of another (but lost) will of 1952 and because of such revocation the Foundation is not an "interested party"; appellee asserting the right to have such issue disposed of on plea in abatement under authority of Arts. 3433 and 5534; appellant contending that it has satisfied the statutes as an interested party by reason of a valid will of deceased Youngblood naming it as beneficiary; the issue of its revocation becoming an ultimate one for adjudication on final trial. From jury answers to special issues the Court entered an order dismissing the Foundation's contest of Mrs. Buchan-

an's 1954 will; sustaining her contention that appellant was not a party at interest and therefore not rightfully entitled to file or prosecute its claim. Events leading up to the instant order of dismissal should be presented in further detail, following appellant's general outline thereof which is not challenged.

Carroll Lee Youngblood died April 11, 1954, Mrs. Buchanan, several days thereafter, filing application in suit No. 6459 to probate an instrument of date April 8, 1954 alleged to be his last will and testament; in content making Mrs. Buchanan the sole and only devisee and naming her independent executrix without bond. On April 26, 1954 this application came on to be heard and the will declared to be a valid testamentary instrument, not having been "revoked during the testator's lifetime * * *." It was not formally probated, however, as Mrs. Buchanan at such hearing renounced her rights thereunder, declaring as her wish that the estate be handled as under the laws of descent and distribution; in other words, that she be named administratrix without reference to the will. Mrs. Buchanan was accordingly appointed administratrix upon taking oath and furnishing bond in sum of $25,000.

On May 5, 1954 the Foundation filed as suit No. 6466 in Van Zandt County, application for probate of its holographic will dated February 26, 1951, allegedly written by deceased Youngblood, making applicant the beneficiary; waiving, however, its right of appointment as administrator but suggesting J. R. Hobbs of Ben Wheeler, Van Zandt County, as a proper person to serve in such respect. And on May 20, 1954 the Foundation filed in the earlier cause No. 6459 a contest of the 1954 Buchanan will, alleging that its 1951 will had not been discovered until after the court order of April 26, 1954; praying that said order be set aside and the will of date April 8, 1954 be declared invalid on detailed grounds of deceased's lack of testamentary capacity to execute the later will, also because of undue influence practiced upon the maker of such will by Mrs. Buchanan. Consolidation of the two suits and probate of the 1951 will

was also prayed for upon later hearing of causes so consolidated.

Then filed in cause No. 6459 was appellee's plea in abatement, alleging, among other things, that the Foundation was not an interested party in that the will under which it claimed "had long since been revoked by an act of Carroll Lee Youngblood in publishing another and different will at a later date." The plea further denied the allegations of fact set forth in appellant's contest of the 1954 will; asserting validity of the last instrument through the court decree of April 26, 1954; and prayed upon hearing that appellant's contest be abated or, in the alternative, that the instrument of February 26, 1951 be denied probate.

On June 17, 1954 the matters at issue in cause No. 6459 were heard in Probate Court with the following rulings made, duly excepted to, and appealed by contestee Mrs. Buchanan to the District Court: (1) Cause No. 6466 was ordered consolidated therewith and contestee's plea in abatement overruled; (2) upon findings that on April 8, 1954 C. L. Youngblood was of unsound mind and wanting in testamentary capacity, his will of that date was set aside and held for naught; vacating and setting aside all orders made in such connection; (3) admitting to probate the Foundation's holographic will of February 26, 1951 on findings that same had been executed with all formalities required by law and had not been revoked; appointing J. R. Hobbs as administrator upon bond of $25,000.

Appellee in District Court renewed her charges that the Foundation was a "mere interloper and meddlesome intruder" and not a party at interest, supporting same in amended plea in abatement by further allegations, viz.: That in February 1952, Testator Youngblood had executed a third typewritten will witnessed in presence of Wesley Chandler and Tad Hines, revoking previous wills and disposing of his estate equally among living brothers and sisters and the heirs of deceased brothers and sisters, after a bequest of $5,000 to one Clyde Gulledge; that said 1952 instrument cannot now be located and "is apparently lost or misplaced";

but that nevertheless same revoked the Foundation's 1951 will, and appellant was therefore wholly without interest or right to further appear in the cause or "to contest the probate of the will filed by the contestee"; praying for a determination to such effect preliminarily, i. e., by issues tried in limine. Appellant's answer thereto was by way of exceptions; to effect that said plea was virtually one in bar of the Foundation's suit rather than in nature of abatement thereof; "that the matters therein asserted are directed at the merits of plaintiff's cause of action and not at plaintiff's capacity to assert its claim herein as an interested party, and are, therefore, an effort to dispose of an ultimate and controlling issue on the merits as distinguished from challenging the plaintiff's authority to offer said instrument dated February 26, 1951 for probate."

Appellant then reiterated its interest in the litigation as beneficiary under the 1951 will, pled waiver by contestee of the defense of revocation by failing to produce evidence thereon in County Court; denying generally and specially the allegations contained in appellee's said amended plea. The Foundation's motion to overrule this plea in abatement on grounds stated was in turn overruled and exceptions taken.

In the meanwhile, upon application of the Foundation and agreement of the parties, County Judge Staton appointed both J. R. Hobbs and Mrs. Buchanan temporary administrators of the estate with expressly limited powers; the parties also, before any District Court hearing, entering into the following stipulation: "It is stipulated between all parties that upon the motion to require contestants to prove in limine their right to prosecute this suit, that the question of the revocation of the will under which contestants claimed, would not be raised insofar as the 1954 will filed by the proponents is concerned, and that the issue of the mental capacity of Carroll Youngblood on the date of the will filed by proponents will not be in issue in such proceeding, but that issue is expressly reserved without prejudice to all parties to assert the same upon the trial on the merits." Then followed a trial in limine on basis of appel-

lee's plea in abatement (that appellant was not a party at interest), with the jury issues and answers now quoted: "No. 1. Do you find from a preponderance of the evidence that Carroll Lee Youngblood about or during the month of September, 1952, made a will witnessed by Wes Chandler and Tad Hines? Answer 'Yes' or 'no.' We, the jury, answer: Yes. No. 2: If you have answered special issue No. 1 'Yes,' and only in that event, then you shall answer the following issue: Do you find from a preponderance of the evidence that such will, if any you have found, contained words to the effect that he revoked all other wills theretofore made by him? Answer 'Yes' or 'no'. We, the jury, answer: No."

It is unnecessary to here mention the various motions filed by the parties in connection with the jury trial; the court rendering judgment on March 28, 1955 reciting same as based on above jury verdict; sustaining the plea in abatement, adjudging the Foundation not a party at interest with right to contest the Buchanan will of 1954, setting aside the County Court order of June 1954 which probated appellant's will of 1951, and dismissing its contest in whole.

■ Art. 5534 provides: "*Any person interested* in any will which shall have been probated under the laws of this State may institute suit in the proper court to contest the validity thereof, within four years after such will shall have been admitted to probate, and not afterward." (Emphasis ours.) Our Supreme Court in Laros v. Hartman, 152 Tex. 518, 260 S.W.2d 592, 595, has interpreted the statutory term above emphasized, viz.: "The language 'any person interested in the estate of a decedent' has been construed by our courts as meaning one 'who either absolutely or contingently is entitled to share in the estate or the proceeds thereof' [Citing authorities]"; and in Logan v. Thomason, 146 Tex. 37, 202 S.W.2d 212, 215, it is held: "In this and other jurisdictions where will contests are limited to 'persons interested in the estate of the testator,' the term 'person interested' has a well-defined but restricted meaning. The interest referred to must be a pecuniary one, held by the party either as an individual or in a rep-

resentative capacity, which will be affected by the probate or defeat of the will. An interest resting on sentiment or sympathy, or any other basis other than gain or loss of money or its equivalent, is insufficient. Thus the burden is on every person contesting a will, and on every person offering one for probate, to allege, and, if required, to prove, that he has some legally ascertained pecuniary interest, real or prospective, absolute or contingent, which will be impaired or benefited, or in some manner materially affected, by the probate of the will. In re Duffy's Estate, 228 Iowa 426, 292 N.W. 165, 128 A.L.R. 943."

■ Appellant argues in primary points that it has satisfied the statute as a party interested by the undisputed showing of beneficial interest in an earlier will that would be entitled to probate if the 1954 will under contest be declared invalid; and that the trial court has mistakenly required it, under guise of an in limine proceeding to litigate an ultimate issue, i. e., validity or not of its own will. In our opinion the points must be sustained. The statutory term "person interested" means no more, as an issue determinable in limine, than the establishment by contestant of a right of action in himself, a justiciable interest in the subject matter of the litigation as distinguished from a stranger to the estate.

■■ When a person's right to maintain contest under Art. 5534 for lack of interest, is challenged, the immediate issues involved are distinct and independent of, and are not to be blended with issues finally determinative of the particular litigation. For example, see Abrams v. Ross' Estate, Tex.Com. App., 250 S.W. 1019, where it was found that the absent relatives were claiming no part of the Sarah Ross Estate and hence not interested; in Dickson v. Dickson, Tex. Com.App., 5 S.W.2d 744, H. H. Dickson was found interested as an assignee, but that his children were strangers; in Gumm v. Chalmers, Tex.Civ.App., 127 S.W.2d 942, 137 Tex. 467, 154 S.W.2d 640, the contestants claimed as nephews and heirs of Erichson; in Newton v. Newton, 61 Tex. 511, the asserted status of D. C. Newton et al. was

as children of James Newton and thereby interested. In Plunkett v. Simmons, Tex. Civ.App., 63 S.W.2d 313, plaintiffs and interveners alleged a relationship as cousins and sisters of the deceased; and on jury trial of the claims in limine they were found to be unrelated and therefore dismissed as parties not interested. Discussing Article 5534, it is stated in Dickson v. Dickson, supra [5 S.W.2d 746], that "a 'person interested' means any one who has an interest in the subject-matter of the proceeding, which is the estate of the deceased * * *"; and certainly on the threshold of the instant proceeding, such was the status of appellant as regards its capacity to sue.

■ That the issues in limine as above discussed are different and not to be commingled with those triable on the merits under Art. 5534 is evident from decisions of other jurisdictions, viz.: "In contest by heir of probate of will devising all testatrix's property to a third party, it was not duty of trial court, before submitting contest to jury, to determine whether contestant had any interest in estate entitling him to contest will because of agreement of testatrix whereby she agreed to will all of her property to sole beneficiary named in will, since court's decision on validity of such agreement would be a determination of question which contestant, under Code Civ. Proc. § 1312, is entitled to have jury determine." In re Witt's Estate, 198 Cal. 407, 245 P. 197, syl. 1. "One whose interest in contesting a will is based upon an asserted right arising under a prior will, which right has been reduced or destroyed by the will attacked, is not required to prove, under the preliminary issue as to his interest, that the later will did not revoke the earlier will, as the revocatory effect of the later will is dependent upon its validity and its validity is the ultimate issue." Werner v. Frederick, 68 App.D.C. 158, 94 F.2d 627, syl. 1. In Reilly v. Dougherty, 60 Md. 276, the Court, referring to the earlier case of Tyler v. Murray, 57 Md. 418, had this to say: " * * * The doctrine, there established is, in the language of the Supreme Court of the United States (Sheppard v. Graves, 14

How. 505, 509, 14 L.Ed. 518), 'that matters which appertain solely to the *jurisdiction of the court or the disabilities of the suitor* should never be blended with questions which enter into the subject-matter of the controversy.' Sound reason and policy would seem to require the same rule to be applied in the Orphans' Court, and especially to a case of this character. Indeed, we think this principle is distinctly declared, and we think settled by Brewer v. Barrett, 58 Md. 587, 593. In that case this court said: 'Interest in the property is the very foundation of the right to caveat. The Orphans' Court therefore should be satisfied that the caveators have the right to maintain the suit before they transmit the issues.'" (Emphasis ours.) See also Meyer v. Henderson, 88 Md. 585, 41 A. 1073.

■ At time of trial the causes and issues involved under these rival wills had been consolidated; with the Foundation contesting the 1954 will, and Mrs. Buchanan as contestant of the 1951 instrument under which the Foundation claimed. Her plea in abatement, as originally filed, was in reply to the Foundation's contest in cause No. 6459. Effect of above quoted stipulation, as we view it, was to eliminate all issues raised in the Foundation's contest of said 1954 will and reserve same for trial to the merits. Mrs. Buchanan then invoked the same plea in abatement in her *own contest of the Foundation's will* of 1951. The resulting situation was unusual, to say the least; still, in our opinion, validity of the Foundation's will of February 1951 cannot be thus disposed of by plea in abatement; the issue of its revocation, perforce of a third or 1952 will, likewise being one for adjudication on final trial.

■ Our conclusions just reached render unnecessary any discussion of appellant's further points. From five to twelve, inclusive, they relate to happenings during course of the March 1955 jury trial. However, point 3, complaining of the court's adverse action on its motion for change of venue is not viewed as reversible error. The application was strongly contested. We have considered the facts adduced in such connection and despite the two hung juries

of January and February, 1955, with attendant publicity, the issue of prejudice, Rule 257, Texas Rules of Civil Procedure, was heard by an experienced and conscientious trial judge. The ruling made was one well within his powers of discretion, broadly reposed. Bennett v. Jackson, Tex. Civ.App., 172 S.W.2d 395. Judgment herein is reversed and the related causes remanded to trial court for further proceedings.

### On Motion for Rehearing.

Article 3433, V.A.C.S., should have been quoted in original opinion, and reads:

"When a will has been probated, its provisions and directions shall be specifically executed, unless annulled or suspended by order of the court probating the same in a proceeding instituted for that purpose by some person interested in the estate. Such proceeding shall be by application in writing, filed with the clerk of the court, setting forth the objectionable provisions and directions in the will, and the grounds of objections." The provisions of Art. 3339, V.A.C.S., are similarly relevant and provide:

"Applications for the probate of a will may be made by the testamentary executor, or by any person interested in the estate of the testator, and application for letters of administration upon an estate may be made by any person."

Also the purpose and effect of the "stipulation" between the parties should have been more accurately stated. It was agreed upon and filed after the application for probate and contests of these two wills (the Foundation instrument of 1951 and Mrs. Buchanan's of 1954) had been heard and disposed of in County Court, and consolidated and duly appealed to District Court. Apparently from the record, neither party had definite knowledge of facts concerning another and 1952 will until the appeal had reached the District Court. In County Court the Foundation had filed suit No. 6466 as proponent, seeking probate of its own will; and in cause No. 6459, filing a contest of Mrs. Buchanan's 1954 will on grounds of undue influence and testamentary incapacity of deceased Youngblood, as

heretofore stated; appellee then filing in her own suit the plea in abatement alleging lack of interest of the Foundation, in that its will had long since been *revoked;* and asserting validity in all respects of the will of 1954. The rulings and judgment adverse to Mrs. Buchanan have already been noted; her amended pleading in District Court reiterating the allegations made in County Court that the Foundation was a mere interloper, on ground that the instrument under which it claims had long since been revoked; then for the first time asserting the execution of a "lost" will by deceased in 1952 as further ground for revocation; the Foundation being thereby without interest or authority to prosecute its own suit or contest; charging as before that it was a mere interloper, etc. As a result, appellee's defenses to the Foundation's will were twofold: That same was revoked by her own 1954 will; if not, then by the executed but lost will of 1952; and the stipulations filed on January 6, 1955 simply limited the immediate trial to the 1952 will and its effect as in revocation of the Foundation's prior will; reserving for trial "on the merits" the testamentary capacity of deceased Youngblood to make the will of 1954.

■ Under Art. 3348, V.A.C.S., a material fact to be proven in admitting a will to probate is that "such will has not been revoked by the testator." Langehennig v. Hohmann, 139 Tex. 452, 163 S.W.2d 402; and likewise, in contest of a will on basis of an alleged later testamentary writing, the proof must necessarily show that the former will *has been* revoked; Art. 8285, V.A.C.S. That these are ultimate issues for trial of the cause on its merits in such a case, appears almost too plain for argument. Appellant is undoubtedly a person interested in the Youngblood estate as one " 'who either absolutely or contingently is entitled to share in the estate or the proceeds thereof, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise, except as a creditor.' " Logan v. Thomason, 146 Tex. 37, 202 S.W.2d 212, 217, quoting from Pena Y. Vidaurri's Estate v. Bruni, Tex.Civ.App., 156 S.W. 315 (writ ref.). And the in limine proceedings invoked by

appellee can extend no further than the elimination of persons not of that category. It was with reference to such a wholly disinterested person or stranger that the Commission of Appeals in Moore v. Stark, 118 Tex. 565, 17 S.W.2d 1037, 1041, had occasion to say: "Here the certificate shows that appellant's wards have no interest in the estate of Mrs. Frances A. Lutcher. They would not take in any manner any part of the estate if the will should be denied probate. To insist upon a hearing, under such circumstances, is to trifle with the courts. Upon such a contest the court could redress no injury, nor could it protect any right. If the appellant, for want of an interest in the estate, cannot contest the probate of the will, it, of course, can make no difference what the ground of such contest may be. Conceding that the will was, in truth, void as creating a perpetuity, its invalidity would be no greater than if it were a forgery, obtained by fraud or duress, or executed by one lacking in testamentary capacity. *Under any of these circumstances the will would be subject to contest by any interested person, but in none of them could a stranger invoke the powers of the court upon a contest."* (Emphasis ours).

■ A matter far more troublesome, but not heretofore touched upon, is presented in this appeal, as follows: In the beginning, rival wills were involved and separate actions, complicated in District Court by a third but lost will. Under Rule 174(b), T.C.P., the trial court "in furtherance of convenience or to avoid prejudice may order a separate trial of any claim * * * or of any separate issue * * *"; and the instant record affords a classic setting for application of above rule. Can these in limine proceedings based on Arts. 3433 and 5534 of the Statutes on Estates of Decedents be thus justified as a virtual severance of actions and trial pursuant to Rule 174? We think not. In the first place and as we have already seen, the in limine proceedings contemplated by above statutes relate merely to the Foundation's capacity to sue either as a proponent of its own will, or as contestant of appellee's 1954 will; not extending to ultimate issues, such as revocation, raised in

these consolidated causes, even if tried separately. And, secondly, we hesitate to establish the precedent that ultimate rights of appellant as a "person interested" may be thus finally disposed of in limine—a procedure not authorized either by the cited statutes or Rule.

 But even if we be mistaken in the foregoing, jury answers to the issues submitted were not conclusive. Their findings were that deceased Youngblood in September, 1952, had made a will, witnessed by Wesley Chandler and Tad Hines; but that it contained *no* words of revocation. Art. 8285, V.A.C.S., provides that: "No will in writing, made in conformity with the preceding articles, nor any clause thereof or devise therein, shall be revoked, except by a subsequent will, codicil or declaration in writing, executed with like formalities, or by the testator destroying, canceling or obliterating the same, or causing it to be done in his presence." The following well settled rules are relevant in this connection: (1) Above Article does not prescribe that the subsequent will must contain a revoking clause in order to accomplish a revocation. May v. Brown, 144 Tex. 350, 190 S.W.2d 715, 165 A.L.R. 1180. (2) An earlier will may be revoked by implication, as when a subsequent will, otherwise validly proven, makes a wholly contrary disposition of the estate. Harmon v. Ketchum, Tex.Civ.App., 299 S.W. 682; 123 A.L.R., Annotations, p. 1397. (3) The term "like formalities" requires proof that the testator was of sound mind at time of the alleged revocation. The issues above suggested (implied revocation and soundness of mind) were not made jury issues, but supplied by the Court in support of its judgment, viz.: " * * * the will which the jury found in its verdict was executed by Carroll Lee Youngblood on or in September, 1952, was executed with the solemnities and formalities required by law to make it a valid will, that the disposition of the estate by such instrument was wholly inconsistent with and directly contrary to the provisions of the will dated February 26, 1951, and that the execution thereof revoked all former wills * * *."

 . It is appellee's position that the negative answer to issue No. 2 was but

evidentiary and may be disregarded in view of the testimony of both Hines and Chandler that the 1952 will made an entirely different disposition of property and that the testator Youngblood was of sound mind at the time; and hence the court's supplemental findings to such effect were compelled. The same witnesses had testified that this lost will *did* contain a clause revoking all prior wills, but the jury found to the contrary. The further factual elements of "like formalities" have similar footing and may likewise be deemed matters for the jury's consideration. "The burden is upon the party who asserts revocation 'to show by a preponderance of the testimony the execution, attended by due formality and legal requirements, of a subsequent instrument, which either expressly or impliedly revoked the former will.' As to whether the revoking will was thus executed is ordinarily a question of fact to be determined by the jury. Although the contestant may have presented undisputed evidence tending to show the execution of a revoking will, yet, if the testimony fails to establish any essential of a valid will, an issue as to execution of the instrument and revocation of the earlier will may properly be submitted to the jury * * *." 44 Tex.Jur., Wills, sec. 101, p. 645.

Appellee's motion for rehearing must be overruled.