Rayburn M. HAMILTON, Appellant,

v.

Honorable Pat GREGORY, Appellee.

No. 15943.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

May 18, 1972.

Rehearing Denied June 29, 1972.

Eugene Chambers, Houston, for appellant.

Joe Resweber, County Atty., John B. Reese, Asst. County Atty., Houston, for appellee.

Joe R. Greenhill, Jr., Houston, for amicus curiae.

COLEMAN, Justice.

This is an appeal from a judgment of the District Court of Harris County, Texas, which denied an application for a writ of mandamus to require Judge Pat Gregory of the Probate Court No. 2 to determine

in limine whether Depelchin Faith Home has the requisite interest to contest the probate of a will offered for probate by Rayburn M. Hamilton.

Relator filed an application to probate the will of Esther M. Mowrer, Deceased, in the Probate Court No. 2 of Harris County, Texas. Depelchin Faith Home filed a contest in which it was alleged that the Home was a beneficiary under a prior will which had been lost and that the subsequent will was invalid for various reasons. Relator challenged the right of the Home to contest the will for the reason that it was not an "interested person" as required by the Probate Code in such cases, and demanded a separate trial in limine on that issue.

In the meantime Depelchin Faith Home filed an application to probate the lost will. The causes were consolidated for trial. The Probate Court denied the motion for a separate trial in limine. Relator then sought to require such a trial by an action for mandamus filed in the District Court and has appealed from the adverse ruling of that court.

"It is not the policy of the State of Texas to permit those who have no interest in a decedent's estate to intermeddle therein. Accordingly it has long been the established practice, when proper demand is made, to require one asserting a right to probate a will to first establish an interest in the estate which would be affected by the probate of such will. . . . It is too well settled to admit of argument that before one may prosecute a proceeding to probate a will or contest such a proceeding he must be, and if called upon to do so must prove that he is, a person interested in the estate. . . . The proper procedure is to try the issue of interest separately and in advance of a trial of the issues affecting the validity of the will . . . ." Womble v. Atkins, 160 Tex. 363, 331 S. W.2d 294 (1960).

The "interest" required must be a pecuniary interest. In Logan v. Thomason, 146 Tex. 37, 202 S.W.2d 212 (1947), the court said:

". . . Thus the burden is on every person contesting a will . . . to allege, and, if required, to prove, that he has some legally ascertained pecuniary interest, real or prospective, absolute or contingent, which will be impaired . . ., or in some manner materially affected, by the probate of the will . . . ."

The case of Chalmers v. Gumm, 137 Tex. 467, 154 S.W.2d 640 (1947), was an action to set aside the probate of a will by one alleging himself to be a "nephew and heir at law" of the testator. At the trial in the district court the jury found in answer to the one special issue submitted that the testator was lacking in testamentary capacity on the date the will was executed. The trial court granted a judgment non obstante veredicto on the ground that there was no evidence that the contestant had the requisite interest in the estate to authorize him to prosecute the suit. In reversing the case and ordering it remanded to the trial court, the Supreme Court said:

"Our conclusion is that the question of whether or not defendants in error are persons interested in the estate of Fred Erichson so as to be authorized to prosecute the proceeding, should have been raised in limine and before issue was joined on the merits of the case, and that the trial court erred in dismissing the contest on the motion for judgment non obstante veredicto."

Merely alleging the existence of a prior lost will is not sufficient to show a "legally ascertained pecuniary interest, real or prospective, absolute or contingent" which will be materially affected by the probate of a later will. The word "contingent", when applied to a devise, bequest, or other legal right or interest, implies that no present interest exists, and that whether

such interest or right ever will exist depends upon a future uncertain event. Black's Law Dictionary (4th Ed.). To show an interest in an estate by reason of a prior will, it is not necessary to develop facts necessary to entitle it to probate. Baptist Foundation of Texas v. Buchanan, 291 S.W.2d 464 (Tex.Civ.App.—Dallas 1956, ref. n. r. e.). However it is necessary that the contestant show that he was named as a beneficiary in a testamentary instrument executed with the formalities required by law, that is, a will.

 The refusal of the trial court, on timely demand, to require the contestants of the probate of a will to support by evidence their allegations of interest in an estate is error, which on appeal will require a reversal of a judgment adverse to the proponent of a will. Abrams v. Ross' Estate, 250 S.W. 1019 (Tex.Com.App.1923).

However it does not follow that the district court, or this court, should issue a writ of mandamus to forestall an error in procedure on the part of the trial court.

". . . Relator has an adequate remedy by appeal, and writs of mandamus will not issue to forestall or to correct errors of a trial court committed in the course of a trial when the parties have an adequate remedy by appeal . . .

"This case presents an unusual fact situation in which the normal alternative to a declaration of mistrial . . . the entry of judgment . . . is not to follow immediately but only after trial of the damage issue. That procedure will entail some delay and additional costs in correcting the error by appeal, but that there may be some delay in getting questions decided through the appellate process, or that court costs may thereby be increased, will not justify intervention by appellate courts through the extraordinary writ of mandamus. Interference is justified only when parties stand to lose their substantial rights.

Womack v. Berry, [156 Tex. 44,] 291 S.W.2d 677." Iley v. Hughes, 158 Tex. 362, 311 S.W.2d 648 (1958).

Relator has an absolute right of appeal from the probate court to the district court, where he will receive a trial de novo. If the probate court fails to allow a proper trial in limine on the issue of interest on part of the contestant, the error can be corrected by the district court. He does not stand to lose his "substantial rights". The district court did not err in refusing to issue its writ of mandamus.

Affirmed.