Robert Layne ABBOTT, Appellant,

v.

Lillian V. FOY, Independent Executrix, Appellee.

No. C14–82–647CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 4, 1983.

Rehearing Denied Nov. 3, 1983.

William H. Tinch, Thomas J. Hannsz, Houston, for appellant.

Kenneth H. Knop, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

This is an appeal from a judgment of the probate court dismissing appellant's contest of the will of Lena Mable Abbott. We reverse and remand.

The testatrix, Lena Mable Abbott, (appellee's mother) died on March 26, 1980. On April 22, 1980, Lillian V. Foy, (appellee) filed an application to probate a will executed by Mrs. Abbott on March 4, 1973. Ms. Foy was the sole beneficiary under the 1973 will which was admitted to probate on May 6, 1980. On April 14, 1982, appellant filed a will contest, alleging that the 1973 will was a forgery, was procured by undue influence and was executed by the testatrix at a time when she was of unsound mind and lacking testamentary capacity. The "will contest" stated that appellant was the stepson of the testatrix. On May 3, 1982 appellee filed a "motion to dismiss" appellant's will contest, alleging that appellant, as a stepson of the testatrix, had no interest in the estate, and thus no standing to contest the probate of Mrs. Abbott's will. On May 21, 1982, appellant filed a response to appellee's motion to dismiss alleging he was a person interested in the estate because he

was a beneficiary under Lena Mable Abbott's lost 1966 will with its attached 1971 codicil. Simultaneously, appellant offered for probate this earlier will and codicil. The court dismissed appellant's will contest, holding that appellant was not an "interested person" as required under the probate code and thus could not contest the probate of the 1973 will. Appellant has perfected appeal from that judgment.

The judgment of the trial court reads in pertinent part:

The Court, having reviewed the evidence and heard the argument of Counsel, and having reviewed the pleadings on file in this cause, finds that Contestant stated in his Will Contest pleading filed on or about April 12, 1982, that he was the stepson of Lena Mable Abbott, and on the basis of said pleading and the evidence presented by Proponent, failed to allege and show that he was an "interested person" as required by the Texas Probate Code. The Court therefore finds that Robert Layne Abbott was not an "interested person" as required by the Texas Probate Code and that because of Contestant's lack of interest, the *jurisdiction of the Court was not invoked by said Will Contest pleading filed on or about April 12, 1982.* The Court further finds that *the subsequent pleadings of Contestant on or about May 21, 1982* wherein he alleged for the first time that he was an "interested person", which interest was based on the filing of an Application for Probate of Will and Issuance of Letters Testamentary on the same date, *were not instituted within the period of time for contesting probate in accordance with Section 93 of the Probate Code.* (emphasis added)

TEX.PROB.CODE ANN. § 93 (Vernon 1980) provides:

After a will has been admitted to probate, any interested person may institute suit in the proper court to contest the validity thereof, within two years after such will shall have been admitted to probate, and not afterward, except that any interested person may institute suit in the proper court to cancel a will for forgery or other fraud within two years after the discovery of such forgery or fraud, and not afterward.

■ A "person interested in the estate" is one who has a legally ascertained pecuniary interest, real or prospective, absolute or contingent, which will be impaired, benefited, or in some manner materially affected by the probate of the will. *Fischer v. Williams,* 160 Tex. 342, 331 S.W.2d 210 (1960); *Baptist Foundation of Texas v. Buchanan,* 291 S.W.2d 464 (Tex.Civ.App.—Dallas 1956, writ ref'd n.r.e.).

■ First, we note that the initial "will contest" which states that appellant is a stepson of the testatrix, is not sufficient on its face to show appellant's interest in the estate. However, we do not perceive this to be a "jurisdictional" defect.

■ Appellant initiated the will contest within the time prescribed for bringing such suits. Appellant's response to appellee's Motion to dismiss is clearly an amendment to the original action which was brought on April 14, 1982, before the running of the two year limitation period for instituting will contests. The pleading expands upon the allegations made in the original will contest, curing the defects in the original will contest petition. It thus relates back to the date of the filing of the original pleading. TEX.REV.CIV.STAT. ANN. art. 5539b (Vernon 1958). We know of no rule which prohibits amendment of pleadings after the statute of limitations has run.

■ Appellant states he is a beneficiary under the last will of Lena Mable Abbott. If the 1973 will were judicially determined to be void for undue influence or lack of testamentary capacity, it could not serve to revoke a former will. *Rich v. Rich,* 615 S.W.2d 795 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). Obviously, if the 1971 will is indeed the valid last will of the testatrix, appellant, as beneficiary, has a pecuniary interest in the estate. However, these matters need not be proved in a pre-

liminary hearing to determine a contestant's interest in the estate.

■ In showing an interest by reason of a prior will, it is not necessary to develop facts necessary to entitle the will to probate. *Hamilton v. Gregory,* 482 S.W.2d 287 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ). The immediate issues involved in a proceeding to determine interest in the estate are distinct and separate, and are not to be blended with issues finally determinative of the particular litigation. *Baptist Foundation,* 291 S.W.2d at 464.

■ We perceive appellant's response to be sufficient to entitle him to prove that he had a justiciable interest in the subject matter of litigation. Whether he is indeed entitled to a share of the estate depends upon the validity of the wills in question, which is a matter to be decided by trial on the merits of the will contest. Additionally, appellant's "interest" in the estate is a question of standing to assert his rights under the probate proceedings and not a question of the court's powers to adjudicate the matters in controversy. Appellant's interest in the estate has no bearing on the court's subject matter jurisdiction to consider and determine issues of distribution of estates. *See* TEX.CONST. art. 5, § 16; TEX.REV.CIV.STAT.ANN. art. 1970–110a2 (Vernon Supp.1982–1983). Appellant's two points of error are sustained. The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.