Opinion filed June 17, 2010



## In The

# Eleventh Court of Appeals

_____

## No. 11-08-00290-CV

_____

## IN THE INTEREST OF THE ESTATE OF
## WILLIAM PITT REDUS, DECEASED

**On Appeal from the County Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. 8337**

### O P I N I O N

This is a will contest involving the proponents of two wills executed by William Pitt Redus. The trial court held that appellant, Richard Queen, lacked standing and dismissed him as a party. We reverse.

### I. *Background Facts*

Appellee, David Elliott, filed an application to probate a will executed by Redus in 2007 that named Elliott independent executor and sole beneficiary. Queen filed a will contest, alleging that the 2007 will was not executed with the formalities required by law and that Elliott lacked testamentary capacity. Queen also filed an application to probate a will executed by Redus in 2005. This will named Queen independent executor, devised a house to Bruce M. Jost, and left

the remainder of Redus's estate to Queen. Elliott filed a motion to dismiss, contending that Queen lacked standing. The trial court held an evidentiary hearing and granted Elliott's motion.

## II. *Issues*

Queen challenges the trial court's decision with two issues, contending that the trial court erred by not preparing findings of fact and conclusions of law and that the trial court erred by finding that he lacked standing. Elliott does not deny that findings of fact and conclusions of law were properly requested but contends that, even if the trial court erred by not preparing them, there is no harm because we "can simply take all of the testimony to be true and determine from that testimony if [Queen] met his burden to prove standing." We will, therefore, apply this presumption and address Queen's standing before considering whether the trial court erred by not preparing findings of fact and conclusions of law.

## III. *Standing*

A person must have an interest in an estate to have standing to file a will contest. TEX. PROB. CODE ANN. § 10 (Vernon 2003). TEX. PROB. CODE ANN. § 3(r) (Vernon Supp. 2009) defines "[i]nterested persons" as:

> [H]eirs, devisees, spouses, creditors, or any others having a property right in, or claim against, the estate being administered; and anyone interested in the welfare of an incapacitated person, including a minor.

Limiting will contestants to interested persons reflects Texas's policy to prevent those who have no interest in a decedent's estate from intermeddling with its administration. *Womble v. Atkins*, 331 S.W.2d 294, 297 (Tex. 1960). Thus, when called upon to do so, and in a separate hearing in advance of a trial of the issues affecting the validity of the will, a potential contestant must prove its interest in the estate. *Id.* at 297-98.

Elliott acknowledges that a beneficiary under a prior will would qualify as an interested person and, therefore, have standing. But, Elliott contends that Queen failed to prove that Queen was a beneficiary in a valid will. First, Queen did not introduce into evidence the 2005 will at the in-limine hearing; second, Queen did not satisfy the requirements for probating a missing will; and third, Queen failed to overcome the presumption of revocation. Elliott has correctly identified several obstacles to Queen's application, and Queen's lack of effort to locate the

2

original 2005 will is disconcerting.[1]  However,  Elliott is commingling the issues decided in an in-limine hearing with those decided at trial.

Texas courts have long recognized a distinction between the issues addressed in a hearing to determine standing and the issues decided at a trial on the merits. *See, e.g., Baptist Found. of Tex. v. Buchanan*, 291 S.W.2d 464 (Tex. Civ. App.—Dallas 1956, writ ref'd n.r.e.).  The Baptist Foundation filed an application to probate a 1951 will that named it as a beneficiary.  Buchanan filed an application to probate a 1954 will.  Buchanan then successfully challenged the Foundation's standing.  *Id.* at 468.  The Dallas court reversed, finding that the trial court had considered issues beyond the scope of a standing challenge.  The court held that, when a contestant's standing is challenged, the in-limine hearing is limited to a determination of the contestant's justiciable interest in the litigation and that this is distinct from the ultimate substantive issues.  *Id.* at 469.  This, the court found, meant that issues such as the validity of the 1951 will or its subsequent revocation were beyond the scope of the in-limine hearing.  *Id.* at 470; *see also Abbott v. Foy*, 662 S.W.2d 629, 632 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.) (contestant's entitlement to a share of the estate, which depended upon the validity of the wills in question, was to be decided at a trial on the merits and not at an in-limine hearing on standing).[2]

Queen testified at the in-limine hearing that he was a beneficiary of the 2005 will and that he had offered it for probate.  Queen did not tender a copy of the 2005 will into evidence, but his application to probate that will had been previously filed in the same cause number and is included in our record.  Kenneth Tarlton testified that he is an attorney in Mineral Wells, that he represented Redus, and that he drafted five wills for him.  Tarlton recalled preparing "the will for Mr. Redus in regards to Mr. Queen."  Tarlton described his normal process for preparing a will and testified that it was followed in this instance.  Kathleen Suzanne Ringo also testified.  She worked with Tarlton and was shown a copy of the will attached to Queen's application for

---

[1]Redus passed away on June 11, 2007.  Elliott filed his application for probate on June 18, 2007.  The in-limine hearing was held over one year later on July 15, 2008.  Queen testified that to date he had made no effort to try to locate the original 2005 will.  Queen's counsel did establish that he sent the attorney who prepared the 2005 will a subpoena *duces tecum* asking for all documents related to Redus but that this did not recover the original because counsel did not have it.

[2]Elliott argues that *Foy* stands only for the proposition that the appellant's amended pleading was timely filed and, therefore, that he had a right to present evidence at an in-limine hearing.  Elliott is correct that the Houston court was concerned with the relation back doctrine, but the court's discussion of the separation of issues to be decided at the in-limine hearing and at the final trial is informative and is consistent with the Dallas court's analysis in *Baptist Foundation*, 291 S.W.2d at 469-70.

probate. She recalled the will and confirmed that she witnessed it. If we presume that this testimony is truthful, Queen has established an interest in Redus's estate and, therefore, his standing.

Elliott argues that finding Queen has standing effectively eliminates any burden of proof because contestants with no valid interest in the estate can maintain a will contest without presenting any evidence other than their own testimony. If Queen had presented no more than his own testimony that a will existed and that he was a beneficiary of that will, Elliott's concern would be well taken. *See A&W Indus., Inc. v. Day*, 977 S.W.2d 738, 742 (Tex. App.—Fort Worth 1998, no pet.) ("allowing uninterested strangers to interfere in the administration of a decedent's estate by merely alleging a factual scenario that, if true, would qualify them as 'interested persons' . . . is repugnant to the public policy of this state"). But Queen's evidence – brief to be sure – was more than his bare testimony. A copy of the 2005 will was before the court as part of his application for probate, and the attorney who prepared the original and one of the will's witnesses identified it. If the 2005 will is Redus's last valid will, Queen has a pecuniary interest in the estate. Queen's evidence is far from sufficient to probate the copy of the 2005 will he attached to his application, but he was not required to meet that burden at the in-limine hearing. *See Abbott*, 662 S.W.2d at 632 ("[i]n showing an interest by reason of a prior will, it is not necessary to develop facts necessary to entitle the will to probate").

Elliott acknowledges that Queen was not required to prove all things necessary to admit the 2005 will to probate but then spends significant time pointing out the evidence necessary to probate the will that Queen failed to offer at the in-limine hearing. In fact, Elliott does not concede any element of proof that Queen would need at trial but would not need at an in-limine hearing. Elliott's position would eliminate any practical distinction between Queen's standing and his right to recover. Queen's burden was to show that he was named as a beneficiary in a testamentary instrument executed with the formalities required by law. *Hamilton v. Gregory*, 482 S.W.2d 287, 289 (Tex. Civ. App.—Houston [1st Dist.] 1972, no writ). Whether he can meet his burden to probate that will is a different issue.

The trial court erred by finding that Queen lacked standing; therefore, Issue Two is sustained.[3] This holding makes it unnecessary for us to address Queen's first issue.

IV. *Holding*

The judgment of the trial court is reversed, and judgment is rendered that Queen has standing. This case is remanded to the trial court for further proceedings consistent with this holding.

RICK STRANGE

JUSTICE

June 17, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

---

[3]We hold only that Queen has established standing. We express no opinion on any of the issues raised in Elliott's summary judgment motion or on any other substantive issue.