**AFFIRM; and Opinion Filed April 29, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00556-CV

### IN RE ROSE LITOFF

**On Appeal from the Probate Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. 95-00016-P3**

## MEMORANDUM OPINION
Before Justices Bridges, O'Neill, and Brown
Opinion by Justice O'Neill

This is the second appeal involving Robert Litoff, Eliot Litoff, and the estate of their deceased mother, Rose Litoff. In the first appeal, we determined the district court did not have jurisdiction to consider and enforce a settlement agreement concerning Robert Litoff's one-fourth interest in Rose's estate because the administration of her estate was still pending in probate court. *See Litoff v. Litoff*, No. 05-07-01242-CV, 2009 WL 456682, at *1 (Tex. App.— Dallas Feb. 25, 2009, no pet.) (mem. op.).

Rather than filing his dismissed lawsuit in the probate court, Robert filed a "petition, motion to remove independent executor or, in the alternative, motion to show cause for bond" against Eliot.[1] The probate court determined Robert was no longer an interested party in the estate based on the settlement agreement and, therefore, did not have standing to pursue his claims. The probate court then dismissed the case.

---

[1] Eliot was a named co-executor of the estate.

In two issues, Robert argues the probate court erred by failing to follow "this Court of Appeals guidance" in the first appeal and by concluding he is not an interested party with standing to pursue his claims. We affirm the trial court's judgment.

**Background**

Administration of Rose's estate began in January 1995 in Dallas County Probate Court No. 3. The administration was ongoing in May 2003 when Robert and Eliot, voluntarily and independently from the court proceedings, mediated a dispute over Robert's interest. The mediation resulted in a settlement agreement in which Eliot agreed to purchase Robert's one-fourth interest in the estate if that interest had not been distributed to Robert by December 31, 2004.

When no distribution had occurred and it became apparent administration of the estate would not be finalized by the end of 2004, Eliot attempted to purchase Robert's interest pursuant to the settlement agreement. Robert refused, arguing Eliot's request for him to sign an additional document was "non-bargained additional consideration." Robert then filed a breach of contract suit in district suit.

Robert later argued the district court did not have jurisdiction over the matter and filed a motion to dismiss or transfer the case to probate court. The district court denied the motion, signed a judgment enforcing the settlement agreement, and transferred Robert's one-fourth estate interest to Eliot. It is undisputed Eliot paid Robert a little over $214,000 for the estate interest.

Robert then appealed and this court vacated the trial court's judgment enforcing the agreement and dismissed the case because the district court did not have jurisdiction when Rose's estate was still under administration in the probate court. *Litoff*, 2009 WL 456682, at *1. The record does not indicate that Robert refiled his breach of contract claim against Eliot in the probate court. Rather, the petition filed with the probate court is titled "petition, motion to

–2–

remove independent executor or, in the alternative, motion to show cause for bond" in which Robert argued Eliot (1) paid himself a fee in violation of the probate code; (2) Rose's estate was harmed by his gross misconduct and mismanagement of the estate in various ways; and (3) he engaged in self-dealing.[2] He argued Eliot should be removed as co-executor or in the alternative, Eliot should be required to appear and show cause as to why he should not be required to post a corporate bond in the amount of "not less than $5,000,000" to protect the estate. Eliot filed a motion in limine to dismiss the petition because based on the settlement agreement and Robert's relinquishment of his one-fourth interest in the estate, Eliot argued Robert was no longer an interested party in the estate and lacked standing to pursue his claims.

The probate court held a hearing on April 15, 2013 to determine whether Robert had standing to pursue his "amended petition/motion to remove independent executor, or in the alternative, motion to show cause for bond." At the hearing, the court took judicial notice of Robert's original petition filed in the district court in 2005 in which he stated, "Plaintiff Mr. Robert Litoff has fully performed his obligations under the Settlement Agreement. And in accordance with the terms of the contract, the Plaintiff Mr. Robert [Litoff] sold his one-fourth interest in the estate of defendant." Robert further admitted to cashing a check for approximately $214,000 from Eliot and not returning the money even after this court vacated the district court's judgment because it lacked jurisdiction. When asked if he had ever contested the validity of the settlement agreement, Robert answered, "Um, I did not like it. I was not well at the time." However, because he was a beneficiary under the will, Robert continued to argue, despite the settlement agreement, that he had standing to bring his claims against Eliot. The probate court disagreed and ruled Robert lacked standing to pursue his claims. This second appeal followed.

---

[2] Robert later filed a second amended petition alleging the same causes of action.

–3–

**Reliance on This Court's Prior Judgment**

In his first issue, Robert argues the probate court failed to follow "this Court of Appeals guidance and judgment in Case No. 05-07-01242-CV" . . . which is "directly on point related to these parties and their disputed issues." We disagree with Robert's characterization of our prior opinion and judgment.

In the first appeal, the issue before us was whether the district court had jurisdiction over the breach of contract claim involving the settlement agreement between the brothers. *Litoff*, 2009 WL 456682, at *1. Our discussion of the settlement agreement was limited to determining whether jurisdiction was appropriate in the district court. *Id*. at *2. Because the settlement agreement concerned distribution of Robert's share of the estate, we concluded the suit to enforce the settlement agreement was a "probate" matter "appertaining" or "incident" to the estate. *Id*. Thus, under the applicable sections of the probate code, the probate court was the proper court for the suit rather than the district court. *Id*.

While our judgment "vacate[d] the trial court's judgment enforcing the agreement," it was the necessary disposition because the trial court was without jurisdiction to enforce the agreement. By vacating the enforcement of the agreement, we did not in any way consider or rule on the validity of Robert's arguments concerning the settlement agreement. We simply addressed the jurisdictional issue and appropriately dismissed the case. *Id*. Thus, Robert's contention that the judgment from the first appeal somehow supports his standing argument is without merit.

Moreover, his contention that the first appeal and the present appeal "relate to the same matters" is incorrect. Robert's suit in the district court involved enforcement of the settlement agreement based on a breach of contract. The record does not indicate he refiled that claim in the probate court after dismissal. The current lawsuit involves claims against Eliot in his

–4–

administration of the estate and Robert's attempt to remove Eliot as executor. Thus, the two lawsuits are not related to each other and do not support his position that our prior judgment is binding as to issues in the present appeal. Accordingly, we overrule his first issue.

### Interested Party to the Will

In his second issue, Robert argues the trial court erred by concluding he is not an interested party and lacks standing to pursue his claims against Eliot. He relies on *Baptist Foundation of Texas v. Buchanan*, 291 S.W.2d 464 (Tex. Civ. App.—Dallas 1956, writ ref'd n.r.e.) for the proposition that he was only required to show that he was a named beneficiary in a testamentary instrument executed with the formalities required by law. *See Hamilton v. Gregory*, 482 S.W.2d 287, 289 (Tex. App.—Houston [1st Dist.] 1972, no writ); *see also* TEX. EST. CODE ANN. § 22.018 (West 2013) (defining "interested person" as "an heir, devisee, spouse, creditor, or any other having a property right in a claim against an estate being administered").

While the record is clear Robert was a named beneficiary under Rose's will, he fails to explain how any interest remains after the settlement agreement in which he gave his one-fourth interest in the estate to Eliot. As noted in *Baptist Foundation of Texas*, a person interested "means no more . . . than the establishment by contestant of a right of action in himself, a justiciable interest in the subject matter of the litigation as distinguished from a stranger to the estate." *Bapt. Found. of Tex.*, 291 S.W.2d at 469. When Robert entered into a settlement agreement relinquishing his portion of the estate, he became a "stranger to the estate."

*Atkins v. Womble* is instructive. 300 S.W.2d 688 (Tex. Civ. App.—Dallas 1957), *aff'd*, *Womble v. Atkins*, 331 S.W.2d 294 (Tex. 1960). In that case, a beneficiary under a will entered into a settlement agreement and release regarding claims against the estate. *Id.* at 692. The beneficiary later tried to probate a second holographic will, which would have given her more of the estate than she received under the first will. The court concluded that by accepting benefits

under the first will and entering into a valid settlement agreement and release, the beneficiary relinquished her rights under the second will and "therefore was not 'an interested' person" under the second will. *Id.* at 700. The court further noted the settlement and release constituted a bar to any right of action she may have had against the estate. *Id.*

Here, the settlement agreement stated the following:

> Robert Litoff hereby fully releases Eliot Litoff, individually and as Independent Co-Executor, . . . , from any and all acts, failures to act, claims, demands, losses, omissions, damages, actions, cause of action, rights, contracts, agreements judgments, penalties, attorneys fees, interest, costs, and other actual or alleged liability now accrued or hereafter to accrue of any kind whatsoever, as to person and to property, at common law, in equity, pursuant to statute, or otherwise, direct or indirect, known or unknown, now existing or that might arise hereafter, asserted or not, of any kind, including but not limited to all matters pertaining to or arising from the administration of the Estate of Rose Litoff, distributions from the Estate of Rose Litoff made in compliance with paragraph 2, the management of any property owned by the Litoff Cleveland Trust, and ~~any~~ the management of any other properties which are in any way related to any promissory notes from which distributions or payments are made to or area payable to Robert Litoff.

Similar to the release analyzed in *Atkins*, the release in the brothers' settlement agreement is "general in its terms and is sufficient to cover any claim which the parties had in mind at the time it was executed." *Id.* at 701. Accordingly, the settlement agreement, in addition to divesting Robert of any interest in the estate, further constitutes a bar to any right of action he may have had against Eliot in his capacity as co-executor. As such, the probate court correctly concluded Robert was not an interested person with respect to any proceedings relating to the estate of Rose Litoff and appropriately dismissed Robert's petition to remove Eliot as co-independent executor, or in the alternative, require bond. Robert's second issue is overruled.

**Conclusion**

Having overruled Robert's two issues, the judgment of the probate court is affirmed.


/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE


130556F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

In re Rose Litoff

No. 05-13-00556-CV

On Appeal from the Probate Court No. 3,
Dallas County, Texas
Trial Court Cause No. 95-00016-P3.
Opinion delivered by Justice O'Neill.
Justices Bridges and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the probate court is **AFFIRMED**.

It is **ORDERED** that appellee Eliot Litoff recover his costs of this appeal from appellant Robert Litoff.

Judgment entered this 29th day of April, 2014.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE

–8–