

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00426-CV

**MICHAEL E. STEELE,**

**Appellant**

**v.**

**RAYELLEN JARRELL MILBURN, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF MARY KING STEELE, DECEASED,**

**Appellees**

From the County Court at Law No. 2
Brazos County, Texas
Trial Court No. 13,590-PC-CV1

## MEMORANDUM OPINION

Apppellant Michael W. Steele sued Rayellen J. Milburn, individually and as independent executor of the estate of Mary King Steele, Deceased. Steele sought an accounting and distribution of Mary's estate, alleged a claim for breach of fiduciary duty, and sought a declaratory judgment.[1] Milburn filed a plea to the jurisdiction, asserting

---

[1] The title of Steele's trial court pleading is "Original Petition and Application for Removal of Independent Executrix," but nothing in the pleading or its prayer requests removal of Milburn as executor.

that Steele lacked standing to bring his suit because he was not a person "interested" in the estate and that therefore the trial court lacked subject-matter jurisdiction over the suit. After an evidentiary hearing, the trial court granted the plea and dismissed Steele's pleading. Steele appeals, asserting in his sole issue that, because he is a person "interested" in the estate, he has standing and the trial court therefore erred in granting the plea to the jurisdiction.

Mary's will identifies Milburn as her sole child and identifies Steele and Sheila Steele Howard, the children of her deceased husband Tom F. Steele, as her stepchildren whom she desires to treat as her children and as her descendants. The will appoints Milburn as independent executor and makes a direct gift to Milburn of all of Mary's personalty. The will then creates two trusts in the names of each of the three children—an exempt trust and a nonexempt trust—for a total of six trusts. The only specific gifts to one of the trusts is a substantial gift of cash and two parcels of real estate to the Milburn Nonexempt Trust. The will otherwise devises Mary's estate as follows:

> 2.2.    If any descendant of mine survives me, I give my GST [generation-skipping tax] exemption amount (as defined in section 8.6) to those of my descendants who survive me per stirpes, subject to being held in the Exempt Descendants Trusts under Article IV.
>
> . . . .
>
> I give the residue of my estate to those of my descendants who survive me per stirpes, subject to being held in the Nonexempt Descendants Trusts under Article IV; provided if all of my descendants fail to survive me, I give the residue of my estate to my heirs.

Article IV of the will creates the exempt and nonexempt trusts for each child, as follows in pertinent part:

4.1  If any portion of the specific gift under section 2.2 of my GST exemption amount is to be distributed to a child or a grandchild of mine regardless of age or to any other descendant of mine who has not attained age 30, *such property shall not be distributed outright to such child, grandchild or other descendant*, but instead my Trustee shall hold all of such property as a separate trust for the benefit of such child, grandchild or other descendant and the records of my Trustee shall be kept accordingly.

4.2  If any portion of the specific gift under section 2.3 or of the residue of my estate (or property allocated in the same manner as the residue of my estate pursuant to other provisions of this Will) which has an inclusion ratio greater than zero is to be distributed to a child or a grandchild of mine regardless of age or to any other descendant of mine who has not attained age 30, *such property shall not be distributed outright to such child, grandchild or other descendant*, but instead my Trustee shall hold all of such property as a separate trust for the benefit of such child, grandchild or other descendant and the records of my Trustee shall be kept accordingly.  [Emphases added.]

The will appoints Milburn as trustee of all of the trusts created by the will.  The two trusts relevant to this appeal are the Michael Edward Steele Exempt Trust and the Michael Edward Steele Nonexempt Trust.  The will provides that if Milburn ceases to become a trustee, then Steele, Howard, and Frost Bank are named as co-trustees.  Milburn, Howard, and Frost all declined to serve as trustee or co-trustee of the Michael Edward Steele Exempt Trust and the Michael Edward Steele Nonexempt Trust the month before Steele filed this suit.  Steele accepted the co-trusteeship in November of 2013 and Comerica Bank accepted the co-trusteeship in March of 2014, which is when the co-trusteeship became effective.

In his petition, which was filed on September 17, 2013, Steele alleges he was a beneficiary of Mary's estate and that Milburn qualified as independent executor on September 14, 2009.  Steele alleges that, after four years, there has been "limited progress

made regarding the estate's administration and distribution." Steele then petitions the court to have Milburn account for and distribute the estate under section 149B of the former Probate Code, now codified at section 405.001 of the Estates Code. *See* TEX. ESTATES CODE ANN. § 405.001 (West 2014).

In her answer, Milburn first asserts in a verified denial that "Steele does not have capacity to sue since he is not an 'interested person' in the Estate of Mary King Steele, Deceased" under section 3(r) of the former Probate Code, now codified at section 22.018 of the Estates Code. *See id.* § 22.018. In her plea to the jurisdiction, Milburn asserts that the trial court lacks subject-matter jurisdiction over Steele's suit because Steele lacks standing because he is not an "interested person." The trial court granted the plea and dismissed Steele's suit, ruling that Steele lacked standing because he is not an 'interested person' in the Estate of Mary King Steele, Deceased" under former section 3(r).

Whether the trial court has subject-matter jurisdiction is a question of law that we review de novo. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). Standing, which is a question of law, is a necessary component of subject-matter jurisdiction. *Brunson v. Woolsey*, 63 S.W.3d 583, 587 (Tex. App.—Fort Worth 2001, no pet.) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-46 (Tex. 1993)).

Section 22.018 of the Estates Code, section 3(r) of the former Probate Code, provides in pertinent part:

"Interested person" or "person interested" means:

(1) an heir, devisee, spouse, creditor, or any other having a property right in or claim against an estate being administered; …

TEX. ESTATES CODE ANN. § 22.018. A "person interested in the estate" is "one who has a legally ascertained pecuniary interest, real or prospective, absolute or contingent, which will be impaired, benefitted, or in some manner materially affected by the probate of the will." *Abbott v. Foy*, 662 S.W.2d 629, 631 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.).

Milburn argues that Steele lacks standing because Steele, in his individual capacity as a "beneficiary of Decedent's Estate," sued Milburn.[2] Milburn contends that Steele is not a beneficiary *of the estate* and thus not an interested person in the estate because the will devises property to the respective trusts, not to Steele, and because the will states that "such property shall not be distributed outright to such child, grandchild or other descendant, but instead my Trustee shall hold all of such property as a separate trust for the benefit of such child, grandchild or other descendant." Thus, Milburn concludes, while Steele is a beneficiary of the respective trusts, he is not a beneficiary of the estate; Steele, therefore, is not a person interested in the estate. Instead, Milburn contends, the

---

[2] The Texas Supreme Court has explained the difference between standing and capacity:

> A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy.

*Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996). Standing "focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). "The general test for standing in Texas requires that there '(a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought.'" *Texas Ass'n of Bus.*, 852 S.W.2d at 446 (quoting *Board of Water Engineers v. City of San Antonio,* 155 Tex. 111, 283 S.W.2d 722, 724 (1955)). A party has standing if it has a justiciable interest in the suit or a personal stake in the controversy. *See Nootsie,* 925 S.W.2d at 661; *Tex. Ass'n of Bus.,* 852 S.W.2d at 444. In contrast, a party has capacity when it has the legal authority to act, whether it has standing or not. *See Nootsie,* 925 S.W.2d at 661.

respective trusts are the beneficiaries of the estate. Milburn concedes, however, that the "trusts, not Steele individually, are the proper devisees of the estate" and that any claims "should be brought by the trustees of these trusts," "not the trust beneficiaries, such as Steele."

Milburn cites no authority directly on point; she principally relies on the language in the will and the above statutory definition of "interested person."

Steele argues that Milburn has confused standing with capacity, and he further asserts that he is an interested person in the estate because he is a named testamentary-trust beneficiary and holds a vested equitable property right in an undivided one-third of the assets up to the GST exemption amount and the residuary assets. While we understand Milburn's technical argument that the trusts, not Steele, are the devisees under the will, we believe that Milburn reads the statutory definition of "interested person" too narrowly. We hold that Steele, as a named testamentary-trust beneficiary in Mary's will, is an interested person; he has a property right in Mary's estate by virtue of the two testamentary trusts that Mary established for him in her will. Steele thus has standing to assert a claim against Milburn as executor for an accounting and for distribution under section 405.001 of the Estates Code. And as a co-trustee of his two trusts, Steele is, as Milburn concedes, an interested person and has standing in his co-trustee capacity to assert claims against Milburn.[3]

---

[3] We agree with Steele that Milburn's arguments, aside from the issue of the statutory definition of "interested person," confuse standing with capacity, as evidenced by her focus on Steele's bringing his suit in his "individual capacity" as a beneficiary of Mary's estate.

We sustain Steele's sole issue. We reverse the trial court's order granting the plea to the jurisdiction and remand this case for further proceedings consistent with this opinion.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Reversed and remanded
Opinion delivered and filed August 13, 2015
[CV06]

