### W. T. WILLIAMS V. B. A. AND JENNIE NOLAND.

#### No. 801.

**Probate of Will—Construction of Instrument.**—Mrs. W. executed an instrument in writing as follows: "When I die, I wish Dr. Noland and Jennie to raise my children." *Held*, as the instrument makes no disposition of property, it is not a will in the legal sense, and is not entitled to probate.

APPEAL from Morris. Tried below before the Hon. JOHN L. SHEPPARD.

*L. S. Schluter* and *J. H. Culberson*, for appellant.—A "will," in contemplation of law, is an instrument by which a person makes a disposition of his property, to take effect after his decease, or a declaration as to the manner in which he would have his estate disposed of after his death; and the County Court has jurisdiction to probate such an instrument, and no other. Sayles' Civ. Stat., arts. 1789, 4857, 4858; 1 Jarm. on Wills, p. 26.

*J. M. Moore*, for appellee.

RAINEY, ASSOCIATE JUSTICE.—In October, 1891, Mrs. C. W. Willis, then a widow Williams, with two minor children, executed an instrument in writing, as follows: "When I die, I wish Dr. Noland and Jennie to raise my children." This instrument was placed in the hands of Miss Penn for safe keeping. After the execution of said instrument Mrs. Willis married, and lived with her husband until her death, in December, 1892. In August, 1892, said instrument was lost by Miss Penn, and up to the date of the trial had not been found. After the death of Mrs. Willis, to wit, February 20, 1893, appellees filed an application for the probate of said instrument as the last will and testament of Mrs. Willis, alleging that the same was lost and

could not be produced. The appellant, an uncle of said children, appeared and contested the application to probate said instrument.

The only question necessary for solution is, whether or not said instrument is a will and entitled to probate.

Mr. Jarman defines a will to be, "an instrument by which a person makes a disposition of his property to take effect after his decease, and which in its own nature is ambulatory and revocable during his lifetime." 1 Jarm. on Wills, p. 26. See also Black's Law Dict., p. 1241.

All the law writers, as far as we are informed, define as *wills* those dispositions made by a party which affect property after death.

A will is not defined by our statute, but by reference to "Title 99—Wills," it will be seen that the term "will," as there used, only applies to the disposition of property. Article 2497, title 47, chapter 4, Revised Statutes, provides, that "the surviving parent of a minor may, by will or written declaration, appoint any person, not disqualified, to be guardian of the person of his or her children after death of such parent; and such person shall be entitled to be appointed guardian of their estate also, after the death of said parent." This article evidently makes a distinction between a "will" and a "written declaration," and it is clear to us that the lawmakers considered a will as a *disposition of property* in which a surviving parent might, after disposing of his property, direct who should be guardian of his or her children, which also might be done by *written declaration*, without making a disposition of property therein.

As the instrument under consideration does not make disposition of property, it is not a will in the legal sense, but merely a declaration of a *wish* as to who shall raise the children. Not being a will, it is not entitled to probate. 3 Redf. on Wills, 2 ed., p. 56, sec. 4, subivision 9; Id., p. 67, note 2; Am. and Eng. Encyc. of Law, 178.

What construction should be given the instrument under consideration, if relied on in a contest for the appointment of a guardian of the children, we are not called upon to decide, as the only question before us is, whether or not said instrument is entitled to probate, which question we think should be answered in the negative.

The judgment of the court below is reversed, and here rendered for appellant.

*Reversed and rendered.*

Delivered May 22, 1895.