## CARLSON et al. v. CARLSON et al.
### (No. 229.)

(Court of Civil Appeals of Texas. Waco.
April 23, 1925. Rehearing Denied
May 21, 1925.)

1. **Wills ⬅☞324(4)—Whether testatrix revoked will held for jury despite uncontradicted testimony as to execution of later will.**

Whether testatrix executed will containing revoking clause subsequent to will offered for probate, as testified to by uncontradicted witness, *held* for jury, under Rev. St. art. 7859, in view of uncertain character of such witness' testimony, and a failure to produce second will or to reveal its contents.

2. **Wills ⬅☞290—Destruction or revocation of will must be shown in order to prevent probate.**

It was incumbent on contestants, before they could prevent the probate of a will, to establish its destruction or revocation as provided in Rev. St. art. 7859.

Appeal from District Court, Bosque County; Irwin T. Ward, Judge.

Proceeding in the county court by Charles Carlson and others to probate the last will and testament of Syverine Pederson, contested by Karen Carlson and others. On appeal from the county court, the district court entered a judgment admitting the will to probate, and contestants appeal. Affirmed.

Geo. P. Robertson and Geo. L. Robertson, both of Meridian, for appellants.

J. P. Word and P. S. Hale, both of Meridian, for appellees.

BARCUS, J. Appellees filed their petition in the county court of Bosque county to have probated, as the last will and testament of Syverine Pederson, a will dated July 3, 1920; Mrs Pederson having died on June 5, 1923. The appellants filed a contest to the probation of said will, claiming that the testatrix had revoked same by the execution of a subsequent will in 1922. The will was probated in the county court, and on appeal to the district court was tried to a jury and submitted on the following issue:

"Did the deceased, Syverine Pederson, in the year 1922, execute an instrument containing, substantially, the clause, 'This is my last will and testament and I hereby revoke all other wills by me heretofore made,' as testified to by Mr. J. M. Jenson? Answer 'Yes' or 'No.'"

To which the jury answered: "No." Based on said finding and the additional findings by the court, the will offered for probate by appellees was admitted to probate. Hence this appeal.

[1] The only objection raised by appellants to the submission of the issue to the jury was that it was not raised by the testimony, and that the court should have instructed a verdict refusing the probation of said will. Appellants contended that the evidence is undisputed that the testatrix did execute a will in 1922, by which she revoked the will offered for probate. It was an established fact that the testatrix did execute, in the manner and form as required by law, the will dated July 3, 1920, which was probated, and that same is valid, unless it was revoked by the execution of a subsequent will in the year 1922. The only testimony offered, with reference to the testatrix having executed a will in 1922, was by the witness J. M. Jenson. He testified, in substance, that he was a banker and wrote wills for a number of people; that he wrote a will for the testatrix at her request some time during the year 1922; that the caption stated: "This is my last will and testament and I hereby revoke all other wills by me heretofore made." He further testified that the will was signed by the testatrix and two witnesses, who witnessed and signed same in her presence and in the presence of each other. He testified that he did not know who the witnesses were; that he was not sure whether he was one of the witnesses or not; that he was sure the will he prepared had the revoking clause in it, because he drew a number of wills for different people and always put said clause in the wills he wrote. He testified:

"As to whether or not I remember that (I put said revoking clause in the will) as an independent fact, or arrive at that conclusion from the fact that it was my custom to include that clause, I arrive at that fact from the custom that I always wrote it that way."

There is nothing in the testimony to show who witnessed the purported will, or whether the witnesses were competent, and nothing to show the condition of the mind or health of the testatrix when it was executed, and nothing to show the date of the will, except that it was written in 1922, or its contents or what became of it.

Article 7859 of the Revised Statutes reads:

"No will in writing, made in conformity with the preceding articles, nor any clause thereof or devise therein, shall be revoked, except by a subsequent will, codicil or declaration in writing, executed with like formalities, or by the testator destroying, canceling or obliterating the same, or causing it to be done in his presence."

[2] As to whether a will has been executed with the formalities and solemnities required by the statutes is a question of fact to be determined by the jury. While no witness testified contrary to the testimony of the witness Jenson, his testimony was of such an uncertain character, and the subsequent will not being produced nor its contents revealed,

and said witness being unable to testify who witnessed the will or who was present when it was executed, it raised an issue for the jury, and it was the province of the jury to judge of his credibility and the weight to be given to his testimony. We cannot say the verdict of the jury in this case is unsupported by the testimony. It was incumbent upon appellants, before they could prevent the probation of the will executed in 1920, to establish its destruction or revocation as provided under article 7859, Revised Statutes, supra, Brackenridge v. Roberts (Tex. Sup.) 267 S. W. 244.

We have examined all of appellants' assignments of error and same are overruled. The judgment of the trial court is affirmed.