Naomi LISBY, Guardian of the Estate of Lewis F. Richardson, an Incompetent, Appellant,

v.

ESTATE OF Willette R. RICHARDSON (Charlsye Green, Administratrix) Appellee.

No. 8930.

Court of Appeals of Texas, Texarkana.

Sept. 22, 1981.

Robert T. Stites, Fort Worth, for appellant.

Reid A. Rector, Dallas, for appellee.

CORNELIUS, Chief Justice.

This is an appeal from a directed verdict in a will contest. Willette R. Richardson died leaving a will which she executed on July 5, 1951. The will devised Mrs. Richardson's estate to her sister, Dorothy Helmich. Mrs. Richardson had no child, but was survived by her husband Lewis Richardson, who is now an incompetent and is represented here by his guardian, Appellant

Naomi Lisby. Mrs. Richardson's will was duly admitted to probate on May 15, 1979. In September of that year, appellant, on behalf of Mr. Richardson's estate, filed suit to set aside the probate of the 1951 will, alleging that the will had been revoked by a subsequent will executed by Mrs. Richardson in 1964 which devised all of her estate to her husband. At the close of appellant's evidence the trial court granted appellee's motion for directed verdict.

The issue on appeal is whether there was some evidence of a valid revocation of the 1951 will. If there was, the appellant was entitled to have a jury determination of the issue, and a directed verdict was improper. In determining the question we must consider only the evidence supporting appellant's case, viewing it in its most favorable light and indulging in every favorable inference which may reasonably be drawn from that evidence. *Butler v. Hanson*, 455 S.W.2d 942 (Tex.1970); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). In a proceeding such as this, where the suit seeks to set aside, on the ground of revocation, a will previously admitted to probate, the burden of proof is upon the party attacking the will, rather than the proponent, as is the case when the will is contested on the original application to probate. *Boyd v. Frost Nat. Bank*, 145 Tex. 206, 196 S.W.2d 497 (1946); *Halamicek v. Halamicek*, 542 S.W.2d 246 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Baptist Foundation of Texas v. Buchanan*, 291 S.W.2d 464 (Tex.Civ.App.—Dallas 1956, writ ref'd n. r. e.); *Crane v. Pierce*, 257 S.W.2d 510 (Tex.Civ.App.—Dallas 1953, writ ref'd). To carry that burden, the party claiming revocation must show that, subsequent to the execution of the probated will, the testator executed an instrument with the formalities and under the circumstances required by the probate code for valid wills, which instrument expressly or impliedly revokes the former will. Tex.Prob.Code Ann. § 63 (Vernon 1980); *Brackenridge v. Roberts*, 114 Tex. 418, 267 S.W. 244 (1924); *Halamicek v. Halamicek*, supra; *Womack v. Woodson*, 169 S.W.2d 786 (Tex.Civ.App.—Beau-

mont 1943, writ ref'd); *Richardson v. Ames*, 2 S.W.2d 517 (Tex.Civ.App.—Eastland 1928, writ ref'd). Appellant produced such evidence in this case. Mr. Art Clifton, an attorney, testified that in 1963 or 1964 he drafted wills for Mr. and Mrs. Richardson, by the terms of which they devised and bequeathed their estates to each other; that the wills contained clauses revoking all other wills; that Mr. and Mrs. Richardson were in good health and understood what they were doing in revising their wills; that he had discussed their previous wills with them and had explained fully the revised versions; that the wills were signed by Mr. and Mrs. Richardson, witnessed and notarized with self-proving provisions as authorized by the Texas Probate Code; and that the signing and witnessing process took place in his office and took about 10 to 15 minutes to complete. He further testified that he retained a fully signed, witnessed,

and notarized copy of the will, but it was later lost when a number of his law firm files were lost when he moved his office. He could not remember who acted as witnesses, or whether he was a witness himself. There was testimony from other witnesses that Mr. and Mrs. Richardson stated that they had rewritten their wills leaving their estates to each other, and that on her death bed, Mrs. Richardson told Mrs. Lisby that she wanted her husband to have everything.

█ Appellee asserts that the evidence is legally insufficient because, as the alleged revoking will was not produced at the trial, it was necessary for appellant to prove its execution by the method of proof prescribed by Tex.Prob.Code Ann. § 84 and § 85 (Vernon 1980),[1] for proving lost wills offered for probate. We disagree. Sections 84 and 85 of the Probate Code prescribe the method

---

1. "§ 84. Proof of Written Will Produced in Court

"(a) Self-Proved Will. If a will is self-proved as provided in this Code, no further proof of its execution with the formalities and solemnities and under the circumstances required to make it a valid will shall be necessary.

"(b) Attested Written Will. If not self-proved as provided in this Code, an attested written will produced in court may be proved:

"(1) By the sworn testimony or affidavit of one or more of the subscribing witnesses thereto, taken in open court.

"(2) If all the witnesses are non-residents of the county, or those who are residents are unable to attend court, by the sworn testimony of any one or more of them by deposition, either written or oral, taken in the same manner and under the same rules as depositions taken in other civil actions; or, if no opposition in writing to such will is filed on or before the date set for hearing thereon, then by the sworn testimony or affidavit of two witnesses taken in open court, or by deposition in the manner provided herein, to the signature or the handwriting evidenced thereby of one or more of the attesting witnesses, or of the testator, if he signed the will; or, if it be shown under oath to the satisfaction of the court that, diligent search having been made, only one witness can be found who can make the required proof, then by the sworn testimony or affidavit of such one taken in open court, or by deposition in the manner provided herein, to such signatures or handwriting.

"(3) If none of the witnesses is living, or if all of such witnesses are members of the armed forces of the United States of America or of

any auxiliary thereof, or of the armed forces reserve of the United States of America or of any auxiliary thereof, or of the Maritime Service, and are beyond the jurisdiction of the court, by two witnesses to the handwriting of one or both of the subscribing witnesses thereto, or of the testator, if signed by him, and such proof may be either by sworn testimony or affidavit taken in open court, or by deposition, either written or oral, taken in the same manner and under the same rules as depositions taken in other civil actions; or, if it be shown under oath to the satisfaction of the court that, diligent search having been made, only one witness can be found who can make the required proof, then by the sworn testimony or affidavit of such one taken in open court, or by deposition in the manner provided herein, to such signatures or handwriting."

"§ 85. Proof of Written Will Not Produced in Court

"A written will which cannot be produced in court shall be proved in the same manner as provided in the preceding Section for an attested written will or an holographic will, as the case may be, and the same amount and character of testimony shall be required to prove such will as is required to prove a written will produced in court; but, in addition thereto, the cause of its non-production must be proved, and such cause must be sufficient to satisfy the court that it cannot by any reasonable diligence be produced, and the contents of such will must be substantially proved by the testimony of a credible witness who has read it or heard it read."

of proving a will in order to admit it to probate. They do not require that method of proof for a revoking instrument which is not admitted to probate. Such an instrument must be *executed* with the formalities and under the circumstances required for the making of a valid will, but its execution meeting such requirements may be *proved* by any competent, relevant, and probative evidence sufficient to establish the facts. *May v. Brown*, 144 Tex. 350, 190 S.W.2d 715 (1945); *Brackenridge v. Roberts*, 114 Tex. 418, 267 S.W. 244 (1924); *In Re Brackenridge's Estate*, 245 S.W. 786 (Tex.Civ.App. —San Antonio 1922), *rev'd on other grounds sub nom. Brackenridge v. Roberts*, 114 Tex. 418, 267 S.W. 244 (1924); 10 E. Bailey, Texas Law of Wills § 496, at 227; § 502, at 239 (Texas Practice 1968). See also *Huckaby v. Huckaby*, 436 S.W.2d 601 (Tex.Civ.App.—Houston (1st Dist.) 1968, writ ref'd n. r. e.); *Stewart v. Long*, 394 S.W.2d 25 (Tex.Civ.App.—Dallas 1965, writ ref'd n. r. e.); *Usher v. Gwynn*, 375 S.W.2d 564 (Tex.Civ.App.—San Antonio), *aff'd sub nom. Ashley v. Usher*, 384 S.W.2d 696 (Tex. 1964); *Shropshire v. Salyer*, 110 S.W.2d 917 (Tex.Civ.App.—Amarillo 1937, no writ); *Carlson v. Carlson*, 272 S.W. 823 (Tex.Civ. App.—Waco 1925, no writ). Appellant pleaded the 1964 will both as a revoking instrument and as a will entitled to probate, but the fact that her proof fell short of that necessary to admit the instrument to probate did not preclude her right to a jury determination of its existence and its sufficiency as a revoking instrument.

The testimony of Mr. Clifton constituted some evidence that a revoking instrument had been executed by Mr. and Mrs. Richardson with the formalities and under the circumstances required for a valid will. Although there is no direct specific statement by him that all parties and witnesses to the 1964 will signed the instruments in the presence of the others, the other facts testified to constitute circumstantial evidence from which reasonable minds could conclude that the essential facts existed. See *Huckaby v. Huckaby*, supra. The fact that Mr. Clifton could not remember who witnessed the will goes to the credibility and weight to be given his testimony, rather than to its compétency or sufficiency.

 The question of revocation of a will is ordinarily a jury issue. *Baptist Foundation v. Buchanan*, supra; *Carlson v. Carlson*, supra. Because there was some evidence in this case of revocation, the issue must have been submitted to the jury even though the trial court considered that evidence factually insufficient. *Seideneck v. Cal Bayreuther Associates*, 451 S.W.2d 752 (Tex.1970).

For the reasons stated the judgment of the trial court is reversed and the cause is remanded for a new trial.