ACCEPTED
04-14-00564-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/10/2015 12:39:39 PM
KEITH HOTTLE
CLERK

**CASE NO. 04-14-00564-CV**

**IN THE FOURTH COURT OF APPEALS**

**SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
02/10/2015 12:39:39 PM
KEITH E. HOTTLE
Clerk

**DEBORAH BEDELL,**
*Appellant*

*v.*

**ROBYN ZAELWA,**
*Appellee*

**On Appeal from the Probate Court Number Two of Bexar County, Texas**

**Cause No. 2013-PC-0636**

**APPELLANT DEBORAH BEDELL'S AMENDED BRIEF**

**Oral Argument  Requested**

**Respectfully submitted,**

BY: *John D. Wennermark*

**JOHN D. WENNERMARK**
**State Bar No:      21177000**
**1924 N. Main Avenue**
**San Antonio, Texas  78212**
**(210) 226-6262 - Telephone**
**(210) 225-1351 – Fax**
**johnwennermark@hotmail.com**

**Counsel for Appellant**

# IDENTITY OF PARTIES AND COUNSEL

<u>Party-Appellant</u>

Deborah Bedell

<u>Counsel-Appellant</u>

John D. Wennermark
1924 N. Main Ave
San Antonio, Tx. 78212
(210) 226-6262
(210) 225-1351 - FAX

<u>Party-Appellee</u>

Robyn Zalewa

<u>Counsel-Appellee</u>

James W. Carter, IV
112 East Pecan Street
San Antonio, Texas 8205
(210) 222-0586
(210) 225-4031 - FAX

## <u>REQUEST FOR ORAL ARGUMENT</u>

Appellant requests oral argument herein.

# TABLE OF CONTENTS

Page No.

Identity of Parties and Counsel     i

Request For Oral Argument     ii

Table of Contents     iii, iv

Index of Authorities     v, vi

Referecnces to the Parties     1

References to the Record     1

Statement of the Case     1

Issue Presented For Review     1

Appellant's Point of Error Number One - The trial court erred in Finding of Fact No. 4 wherein it was stated, "There was no evidence of revocation of the 2003 Will raised by the Contestant."     8

Appellant's Pont of Error Number Two - The trial court erred in Finding of Fact No. 5 wherein it was stated, "Contestant further alleged that the 2003 Will was not a lawful, valid will.  No evidence was raised by Contestant on this issue."     16

Appellant's Point of Error Number Three -  The trial court erred in Finding of Fact No. 7 wherein it was stated, "Contestant failed to prove that the July 7, 200 [sic] Will offered by her was executed with the formalities and solemnities required by law, failed to prove that the competing Will was attested by two or more credible witnesses of lawful age and failed to prove that the witnesses signed the competing Will in their handwriting in the presence of the testator.'     16

Appellant's Point of Error Number Four - The trial court erred in Finding of Fact No. 8 wherein it was stated, "Contestant further failed to prove

that the testator had testamentary capacity at the time of the execution of the Will."     17

Appellant's Point of Error Number Five – The trial court erred in Finding of fact No. 9 wherein it stated, " The court further finds the competing Will contained no exordium clause" intimating that such is required in Texas for a valid will.                                                20

Appellant's Point of Error Number Six - The trial court erred in Finding of Fact No. 10 wherein it stated, "The court further finds that the competing Will contains numerous unintelligible handwritten interlineations and that no competent vidence of the date of the execution or interlineations was adduced by the contestant. The court finds that the competing Will contains numerous interlineations that were made with different pens at different times. No competent evidence was offered concerning the date(s) when the interlineations were  made on the competing will or the identity of the individual(s) who made the  interlineations."                                21

Appellant's Point of Error Number Seven - The trial court erred in Finding of fact No. 11 wherein it stated, "The contestant's brother, Gus Brown, was unable to offer a date on which he allegedly executed the competing Will."   25

Appellant's Point of Error Number Eight - The trial court erred in Finding of Fact/Conclusion of Law No. 12 wherein it stated, "The court therefore finds and concludes that Wade Bedell either revoked the competing Will, or alternatively, that Wade Bedell never intended for the competing will to become effective."                                                              26

Appellant's Point of Error Number Nine – The trial court erred in Conclusion of Law No. 14 wherein it stated, "The court concludes that Deborah Bedell failed to offer sufficient evidence to prove and establish all lawful elements of the July 7, 2005 competing will, that the contestant further failed to prove with sufficient evidence that the 2003 will was revoked, and failed to show that the 2003 will was not a valid, lawful will."   27

Statement of Facts                                                                        3

Summary of the Argument                                                       4

Argument and Authorities                                                        8

Conclusion                                                                                28

Prayer                                                                                        28

Certificate of Compliance 29

Certificate of Service 29

# INDEX OF AUTHORITIES

**CASES**

*Baptist Foundation of Texas v. Buchanan,* 291 S.W.2d 464, 472,
(Dallas Civ.App., 1956 wr. ref., n.r.e.)                                    8, 14, 21

*Cason v. Taylor,* 51 S.W.3d 397 (Tex App Waco-2001)                        8, 21

 *Ferguson v. Ferguson*, 27 Tex. 339 (1864)                                 25

*In Re Brown's Estate,* 507 S.W.2d 801,
(Tex. Civ. App – Dallas 1974)                                               25

*Lisby v. Richardson's Estate*, 623 S.W.2d 448, 449
(Tex.App.--Texarkana 1981, no writ)                                         8, 21

*McElroy v. Phink,* 76 S.W. 753 (Tex. 1903)                                 15, 24

*Pullen v. Russ*, 209 S.W.2d 630 (Tex.Civ.App. Amarillo 1948)              22

*Simmons v. Gardner,* 134 S.W.2d 338
(Tex.Civ.App. Fort Worth 1939)                                              22

*Triestman v. Kilgore*, 838 S.W.2d 547 (Tex. 1992)                          13

*Williams v. Noland,* 10 Tex.Civ.App. 629, 32 S.W. 328
(1895, writ ref'd).                                                         25

**STATUTES**

TEX PB. CODE ANN. § 57                                                      9, 10, 27

TEX PB. CODE ANN. § 59(a)                                        9, 10, 12, 17, 24, 27

TEX PB. CODE ANN. § 63                                              8, 22, 24, 26

TEX PB. CODE ANN. § 88(b)                                          10, 14, 24, 27

CASE NO. 04-14-00564-CV

IN THE FOURTH COURT OF APPEALS

SAN ANTONIO, TEXAS

DEBORAH BEDELL,

*Appellant*

*v.*

ROBYN ZAELWA,

*Appellee*

On Appeal from the Probate Court Number Two of Bexar County, Texas

Cause No. 2013-PC-0636

APPELLANT DEBORAH BEDELL'S AMENDED BRIEF

TO THE HORNORABLE FOURTH COURT OF APPEALS:

COMES NOW, Deborah Bedell, Appellant and subsequent to the trial court finally filing Findings of Fact and Conclusions of law herein, files this her Amended Appellant's Brief, respectfully showing the court as follows:

## REFERENCES TO PARTIES AND OTHER DEFINED TERMS

For convenient reference, the following names, when used by Appellant herein, will have the following meanings:

Appellant    Deborah Bedell

Appellee    Robyn Zalewa

## REFERENCES TO THE RECORD

References to the Clerk's Record will be designated as "CR."

References to the Clerk's Second Supplemental Record will be designated "CR2."

References to the Reporter's record will be designated as "RR."

References to Appendices will be designated as "APP. TAB."

References to the Findings of Fact and Conclusions of Law "FFCL"

## STATEMENT OF THE CASE

This is a will Contest and Application for Probate of Will and Letters of Administration With Will Attached filed by Appellant Deborah Bedell, the wife of the deceased, in Cause Number 2013-PC-0636 in Probate Court Number Two, Bexar County, Texas, In The Estate Of Wade R. Bedell, Jr. Deceased.

1

## ISSUES PRESENTED FOR REVIEW

POINT OF ERROR NUMBER ONE -  The trial court erred in Finding of Fact No. 4 wherein it was stated, "There was no evidence of revocation of the 2003 Will raised by the Contestant."

POINT OF ERROR NUMBER TWO -  The trial court erred in Finding of Fact No. 5 wherein it was stated, "Contestant further alleged that the 2003 Will was not a lawful, valid will.  No evidence was raised by Contestant on this issue."

POINT OF ERROR NUMBER THREE - The trial court erred in Finding  of Fact No. 7 wherein it was stated, "Contestant failed to prove that the July 7, 200 [sic] Will offered by her was executed with the formalities and solemnities required by law, failed to prove that the competing Will was attested by two or more credible witnesses of lawful age and failed to prove that the witnesses signed the competing Will in their handwriting in the presence of the testator.'

POINT OF ERROR NUMBER FOUR - The trial court erred in Finding of Fact No. 8 wherein it was stated, "Contestant further failed to prove that the testator had testamentary capacity at the time of the execution on the Will."

POINT OF ERROR NUMBER FIVE - The trial court erred in Finding of Fact No. 9 wherein it stated, " The court further finds the competing Will contained no exordium clause" intimating that such is required in Texas for a valid will.

POINT OF ERROR NUMBER SIX -  The trial court erred in Finding of Fact No. 10 wherein it stated, "The court further finds that the competing Will contains numerous unintelligible handwritten interlineations and that no competent vidence of the date of the execution or interlineations was adduced by the contestant. The court finds that the competing Will contains numerous interlineations that were made with different pens at different times. No competent evidence was offered concerning the date(s) when the interlineations were made on the competing will or the identity of the individual(s)who made the interlineations."

POINT OF ERROR NUMBER SEVEN - The trial court erred in Finding of fact No. 11 wherein it stated, "The contestant's brother, Gus Brown, was unable to offer a date on which he allegedly executed the competing Will."                    #

POINT OF ERROR NUMBER EIGHT - The trial court erred in Finding of Fact/Conclusion of Law No. 12 wherein it stated, "The court therefore

2

finds and concludes that Wade Bedell either revoked the competing Will, or alternatively, that Wade Bedell never intended for the competing will to become effective." #

POINT OF ERROR NUMBER NINE – The trial court erred in Conclusion of Law No. 14 wherein it stated, "The court concludes that Deborah Bedell failed to offer sufficient evidence to prove and establish all lawful elements of the July 7, 2005 competing will, that the contestant further failed to prove with sufficient evidence that the 2003 will was revoked, and failed to show that the 2003 will was not a valid, lawful will."

## STATEMEMT OF FACTS

Decedent Wade R. Bedell died on February 14, 2013, in Bexar County, Texas, where he was domiciled at the time of his death. [CR 8]. Six days later on February 20, 2013, Appellee, Robyn Joan Zalewa filed an Application to Probate Will and Issuance of Letters Testamentary proffering an alleged will dated June 17, 2003. [CR 8] The purported will was admitted to probate and Letters Testamentary were issued to Appellee on February 20, 2013. [CR 6] Appellant, Deborah Bedell, the wife of the Decedent [RR P84 L3 ],on April 4, 2013 filed her Application for Probate of Will and Letters of Administration With Will Annexed. The will annexed to Appellant's application was retrieved by Appellant from the Bexar County Clerks will depository where it had been since shortly after its execution [RR P91 L16]. The will proffered by Appellant was executed on July 7, 2005 [CRS 8]. In conjunction with Appellant's application she also filed on April 4, 2013 her Will Contest opposing the purported will filed by Appellee dated June 17, 2003. [CR 13]. Appellee filed no contest to Appellant's application or the will

3

annexed thereto. Subsequently, on the 25th day of February, 2014, came on to be heard a bench trial on the merits of both the Will Contest and Application for Probate of Will and Letters of Administration with Will Annexed filed by Appellant, in opposition to the June 17, 2003, purported Last Will and Testament of Wade R. Bedell, Jr., admitted to probate on March 4, 2013, and at the conclusion thereof judgment entered on April 1, 2014, denying the contest of the June 17, 2003 will proffered by Applelee and denying the probate of the July 7, 2005, will proffered by Appellant. The court also found that Appellant was entitled to a survivor's homestead right in real property owned by decedent. It is from this judgment that Appellant brings this appeal.

## SUMMARY OF THE ARGUMENT

Appellant presents the following arguments in this Brief: <u>First</u>, Appellant will show The trial court erred in Finding of Fact No. 4 wherein it was stated, "There was no evidence of revocation of the 2003 Will raised by the Contestant." because such evidence was unnecessary as the 2003 will was revoked by implication by the 2005 will.

<u>Second</u>, the trial court erred in Finding of Fact No. 5 wherein it was stated, "Contestant further alleged that the 2003 Will was not a lawful, valid will. No evidence was raised by Contestant on this issue." because the 2003 will was revoked by implication by the 2005 will thus making it not a lawful, valid will.

4

Third, the trial court erred in Finding of Fact No. 7 wherein it was stated, "Contestant failed to prove that the July 7, 200 [sic] Will offered by her was executed with the formalities and solemnities required by law, failed to prove that the competing Will was attested by two or more credible witnesses of lawful age and failed to prove that the witnesses signed the competing Will in their and writing in the presence of the testator.' because the testimony and evidence adduced by Appellant at trial proved that the 2005 will of Wade Bedell was executed with the formalities and solemnities required by law.

Fourth, the trial court erred in Finding of Fact No. 8 wherein it was stated, "Contestant further failed to prove that the testator had testamentary capacity at the time of the execution on the Will" because the testimony and a finding to the contrary by the trial court proved that Wade Bedell did have testamentary capacity at the time of the execution of the will and thereafter.

Fifth, the trial court erred in Finding of fact No. 9 wherein it stated, " The court further finds the competing Will contained no exordium clause" intimating that such is required in Texas for a valid will, because no exordium clause is required in the State of Texas.

Sixth, the trial court erred in Finding of Fact No. 10 wherein it stated, "The court further finds that the competing Will contains numerous unintelligible handwritten interlineations and that no competent evidence of the date of the

5

execution or interlineations was adduced by the contestant. The court finds that the competing Will contains numerous interlineations that were made with different pens at different times. No competent evidence was offered concerning the date(s) when the interlineations were made on the competing will or the identity of the individual(s)who made the interlineations," because this holding is contrary to case law cited in Point of Error Number Six herein.

Seventh, the trial court erred in Finding of fact No. 11 wherein it stated, "The contestant's brother, Gus Brown, was unable to offer a date on which he allegedly executed the competing Will," because witness Gus Brown's uncontroverted testimony set forth in the Reporters Record was that the 2005 will was executed on July 5 of that year.

Eighth, the trial court erred in Finding of Fact/Conclusion of Law No. 12 wherein it stated, "The court therefore finds and concludes that Wade Bedell either revoked the competing Will, or alternatively, that Wade Bedell never intended for the competing will to become effective, " because (1) there was no evidence or testimony adduced by Appellee herein regarding any act by Wade Bedell in compliance with Probate Code §63 which sets forth the requirements for will revocation; and (2) there was no evidence or testimony at trial which could have been considered as Wade Bedell not wanting the 2005 will to become effective.

Ninth, the trial court erred in Conclusion of Law No. 14 wherein it stated, "The court concludes that Deborah Bedell failed to offer sufficient evidence to prove and establish all lawful elements of the July 7, 2005 competing will, that the contestant further failed to prove with sufficient evidence that the 2003 will was revoked, and failed to show that the 2003 will was not a valid, lawful will," because as heretofore set forth, (1) Appellant proved all lawful elements of the July 7, 2005, will and (2) the revocation by implication of the 2003 will negated the necessity of revocation of the 2003 will or its validity and/or lawfulness.

**APPELLANT'S POINT OF ERROR NUMBER ONE**

**The trial court erred in Finding of Fact No. 4 wherein it was stated, "There was no evidence of revocation of the 2003 Will raised by the Contestant."**

Two wills were before the trial court in this instance; one dated June 17, 2003, and another dated July 7, 2005. The decedent here died and both of the wills before the court were executed prior to the enactment of the Texas Estates Code which became effective January 1, 2014, thus the previous Texas Probate Code is applicable in this case.

Regarding the revocation of wills, TEX PB. CODE ANN. §63 states:

> "No will in writing, and no clause thereof or devise therein, shall be revoked, except by a subsequent will, codicil, or declaration in writing, executed with like formalities, or by the testator destroying or canceling the same, or causing it to be done in his presence."

Texas case law in this regard is set forth in the 2001 Waco Court of Appeals case *Cason v. Taylor,* 51 S.W.3d 397 (Tex App Waco-2001). The court there held:

> "The standard way to revoke a will is by executing a new will that contains an expressed revocation clause, i.e., "I revoke all earlier wills and codicils." Burton v. Bell, 380 S.W.2d 561, 569 (Tex.1964). However, if a later will makes a complete disposition of the testator's property, it revokes all prior wills by implication. *Lisby v. Richardson's Estate*, 623 S.W.2d 448, 449 (Tex.App.--Texarkana 1981, no writ); *Baptist Foundation of Texas v. Buchanan*, 291 S.W.2d 464, 472 (Tex.Civ.App. --Dallas 1956, writ ref'd n.r.e.)"

Therefore, the questions here are whether or not the 2005 will proffered by

8

Appellant (1) was in writing, executed with the formalities required to make it a valid will and (2) made a complete disposition of the testators property. If so, the 2005 will revoked the 2003 will by implication and no further proof of revocation was required.

**Complete disposition of the testators property.**

On April 4, 2013, Appellant caused to be filed her Application for Letters of Administration With Will Annexed [CR-10 & CR2-8]. Appellant would direct the court's attention to that instrument. The 2005 will detailed all of Wade Bedell's property down to linens and kitchen utinsils. Appellee did not file any pleadings, adduce any evidence or elicit any testimony that the 2005 will was not a complete disposition of Wade Bedell's property. The 2005 will, in fact, disposed of all of Wade Bedell's property, an uncontroverted fact.

**Subsequent will executed with like formalities.**

TEX PB. CODE ANN. §57 states:

> "Every person who has attained the age of eighteen years, or who is or has been lawfully married, or who is a member of the armed forces of the United States or of the auxiliaries thereof or of the maritime service at the time the will is made, being of sound mind, shall have the right and power to make a last will and testament, under the rules and limitations prescribed by law."

TEX PB. CODE ANN. §59(a) states:

> "Every last will and testament, except where otherwise provided by law, shall be in writing and signed by the testator in person or by another person for him by his direction and in his presence, and shall, if not wholly in the handwriting of the testator, be attested by two or more credible witnesses

9

above the age of fourteen years who shall subscribe their names thereto in their own handwriting in the presence of the testator."

TEX PB. CODE ANN. §88(b) states:

"To obtain probate of a will, the applicant must also prove to the satisfaction of the court:

(1) If the will is not self-proved as provided by this Code, that the testator, at the time of executing the will, was at least eighteen years of age, or was or had been lawfully married, or was a member of the armed forces of the United States or of the auxiliaries thereof, or of the Maritime Service of the United States, and was of sound mind; and

(2) If the will is not self-proved as provided by this Code, that the testator executed the will with the formalities and solemnities and under the circumstances required by law to make it a valid will; and

 (3) That such will was not revoked by the testator."

On April 4, 2013, Appellant caused to be filed her Application for Letters of Administration With Will Annexed [CR-10 & CR2-8].  No contest was filed to the application.  Appellant's burden of proof was to show that the proffered will complied with §57, §59(a) and §88(b) of the Texas Probate Code set forth above as a valid will.

## TEXAS PROBATE CODE §57

The elements required by §57 are that (1) Wade Bedell had attained the age of eighteen years and (2) at the time the will is made, was of sound mind.

The evidence in this cause is undisputed that: Decedent died testate on February 14, 2013 at San Antonio, Bexar County, Texas, at the age of  95 years and that he was an octogenarian at the time of his drafting and signing the 2005

10

will.  The testimony regarding Wade Bedell's age at the time he executed the will

was offered by subscribing witness, Gus Brown, testified as follows:

[RR P31 L8-12]

The Court:         Okay, And then – and then they're going to ask you all the
                   questions, but did we do Wade any disservice in the way we
                   talked about him?
The Witness:       Well, I do think he was in his late 80s when this will was made.

As to decedent being of sound mind, the undisputed testimony at the trial of this

cause by subscribing witness, Gus Brown was affirmative as follows:

[RR P 31 L13-16]

The Court:         Yeah okay.
The Witness:       And he was a very, very intelligent man, but he had trouble
                   seeing.

[RR P34 L1-3]
Mr. Wennermark:  Now, Mr. Brown, what was his mental condition at that time?
The Witness:       He was a very sharp older man.

Further, at the trial of this cause after Appellant rested, Appellee made a Motion

for Directed Verdict, among other things stating: [RR P 58 L5-14]

:         "There's been no evidence that the testator was of sound mind.  And that's a
          requirement for someone offering a will to probate to prove that Mr. Bedell,
          as the Court is well aware, had sufficient ability to understand the business
          and effects of his act, the capacity to know the objects of his bounty, the
          capacity to understand the general nature and extent of his property, memory
          sufficient to collect the elements and hold them long enough to perceive
          their obvious relation and form a reasonable judgment."

11

Indicative of the court believing there was, indeed, evidence that Wade Bedell was of sound mind was the court's denial of Appellee's Motion for Instructed Verdict at [RR P63 L 1-3].

## TEXAS PROBATE CODE §59(a)

The elements required by §59(a) are that the 2005 will (1) be in writing and, (2) signed by the testator in person or by another person for him by his direction and in his presence, and (3) shall, if not wholly in the handwriting of the testator, be attested by two or more credible witnesses above the age of fourteen years who shall subscribe their names thereto in their own handwriting in the presence of the testator.

In compliance with Probate Code §59(a), [1]Decedents written Will dated July 7, 2005,[CR2-8] was filed herein. [2] Subscribing Witness Gus Brown testified at [RR 35 L 2-8]:

Mr. Wennermark: Now, on that will, there's a date written toward the bottom. See that date?
Witness: Uh-huh.
Mr. Wennermark: Was that the date that he signed the will?
Witness: Sure. Seven – two days after my birthday.
Mr. Wennermark: Okay.
Witness: Seven July 05.

[3] The subscribing witnesses to the Will were Joe Cervantes, Gus Brown and Elizabeth R.Lazrony.[CR2-9] Gus Brown testified that all 3 of the witnesses were present and witnessed the will in the presence of the decedent.[RR P 33-L11-25]

12

Mr. Wennermark: Okay, after he had this will blown up, did you witness the will there at his house?
Witness: Yes
Mr. Wennermark: You were living there also at his house?
Witness: Correct.
Mr. Wennermark: Okay, now there's a Joe Cervantes who signed. Did you see him sign the will too?
Witness: Yes, I saw him.
Mr. Wennermark: Okay. And there's a notary that also signed. Was she there and also signed?
Witness: Yes.
Mr. Wennermark: All three of you were there?
Witness: Uh huh,
Mr. Wennermark: And he asked you to sign the will?
Witness: Right.

At the trial of this cause Joe Cervantes testified at [RR P 65 L23-25, P66 L1-2]:

Mr. Carter: And I mean it's – is that your signature in the bottom left-hand corner of the purported will?
Witness: Sorry to say I don't think so, but – Cervantes is kind of like the way I sign, but I don't recall signing this. I mean –

Despite the unfortunate lapse of memory on the part of Subscribing Witness Joe Cervantes, as can be seen on the will offered by Appellant herein,[CR 2] the will was also also witnessed by Elizabeth Lazrony, Notary Public for the State of Texas, fulfilling the requirement of two "credible" subscribing witnesses in §59(a) of the Probate Code. A credible witness means a competent witness. A competent witness to a will is one who receives no pecuniary benefit under its terms, *Triestman v. Kilgore*, 838 S.W.2d 547 (Tex. 1992).

§59(a) of the Probate Code requires further that the subscribing witnesses be "above the age of fourteen." Although there is no direct testimony as to the ages of

13

subscribing witnesses to the will, Gus Brown testified that he was a cab driver, which would require him to be above the age of fourteen and Elizabeth Lazrony was a Notary Public for the State of Texas. Sec. 406.004 of the Texas Government Code provides that "Each person appointed and commissioned as a notary public shall be at least 18 years of age…" Therefore there was sufficient evidence before the court that subscribing witnesses Gus Brown and Elizabeth Lazrony were over the age of fourteen.

## TEXAS PROBATE CODE §88(b)

Decedents written Will dated July 7, 2005, was filed herein[CR2-8]. The 2005 will was not self-proved as provided by the Probate Code. At trial, the uncontroverted evidence and testimony showed

(1) That Wade Bedell was at the time of executing the will, was over the age of eighteen.

[RR P31 L8-12]

The Court: Okay, And then – and then they're going to ask you all the questions, but did we do Wade any disservice in the way we talked about him?

The Witness: Well, I do think he was in his late 80s when this will was made.

(2) That as discussed above Wade Bedell executed the will with the formalities and solemnities and under the circumstances required by law to make it a valid will; and

(3) That such will was not revoked by Wade Bedell.

In *Baptist Foundation of Texas v. Buchanan,* 291 S.W.2d 464, 472, (Dallas Civ.App., 1956 wr. ref., n.r.e.), it is stated:

14

"The burden is upon the party who asserts revocation `to show by a preponderance of the testimony the execution, attended by due formality and legal requirements, of a subsequent instrument, which either expressly or impliedly revoked the former will."

The Texas Supreme Court in *McElroy v. Phink,* 76 S.W. 753 (Tex. 1903) held that there exists a presumption of continuity of status and a prima facie case against revocation when a will is established as having been duly executed by the testator, unattended by circumstances which cast suspicion upon it, stating:

"Before admitting a will to probate it must be proved to the satisfaction of the court * * * (5) that such will has not been revoked by the testator.' In order to construe the fifth subdivision of the article, let us take the case of a will which has been produced without mutilation or other evidence of an intent to revoke it, and the execution of which has been duly proved. Does the statute make it incumbent upon the proponent in such a case to go further, and offer additional evidence to prove the negative, namely, that it has not been revoked in any of the methods provided by law? We think not. The will having been established as having been duly executed by the testator, and having been produced, unattended by any circumstances which cast suspicion upon it, the presumption of the continuity of the status applies, and makes a prima facie case as against a revocation.'

In the instant case there exists a presumption of continuity of status and a prima facie case against revocation of the will proffered by Appellant.  The will was established as having been duly executed pursuant to Probate Code Sections 57 and 59(a) unattended by circumstances which cast suspicion upon it.

Therefore, the 2005 will proffered by Appellant (1) was in writing, executed with the formalities required to make it a valid will and (2) made a complete disposition of the testators property.  Therefore, the 2005 will revoked the 2003

15

will by implication and no further proof of revocation was required of Appellant thusly, the trial court erred in Finding of Fact No. 4 wherein it was stated, "There was no evidence of revocation of the 2003 Will raised by the Contestant**."**

### APPELLANT'S POINT OF ERROR NUMBER TWO

**The trial court erred in Finding of Fact No. 5 wherein it was stated, "Contestant further alleged that the 2003 Will was not a lawful, valid will. No evidence was raised by Contestant on this issue."**

Appellant would respectfully refer the court to the arguments and authorities contained above in Appellant's Point of Error Number One as being both applicable and indicative of the trial court's error set forth in Appellant's Point of Error Number Two. The evidence discussed above showed that the 2003 Will was revoked and thereby no longer a valid and lawful will. Thus, the trial court erred in Finding of Fact No. 5 wherein it was stated, "Contestant further alleged that the 2003 Will was not a lawful, valid will. No evidence was raised by Contestant on this issue."

### APPELLANT'S POINT OF ERROR NUMBER THREE

**The trial court erred in Finding of Fact No. 7 wherein it was stated, "Contestant failed to prove that the July 7, 200 [sic] Will offered by her was executed with the formalities and solemnities required by law, failed to prove that the competing Will was attested by two or more credible witnesses of lawful age and failed to prove that the witnesses signed the competing Will in their handwriting in the presence of the testator."**

16

As stated in Point of Error Number One, Section 59(a) of the Texas Probate Code sets forth the formalities and solemnities required by law to constitute a valid will. The elements set forth in §59(a) are that the will [1] shall be in writing [2] signed by the testator in person or by another person for him by his direction and in his presence, and [3] shall, if not wholly in the handwriting of the testator, be attested by two or more credible witnesses above the age of fourteen years who shall subscribe their names thereto in their own handwriting in the presence of the testator. Appellant would again respectfully refer the court to the arguments and authorities contained above in Appellant's Point of Error Number One as being both applicable and indicative of the trial court's error set forth in Appellant's Point of Error Number Three.

**APPELLANT'S POINT OF ERROR NUMBER FOUR**

**The trial court erred in Finding of Fact No. 8 wherein it was stated, "Contestant further failed to prove that the testator had testamentary capacity at the time of the execution on the Will."**

At the trial of this cause after Appellant rested, Appellee made a Motion for Directed Verdict, among other things stating at [RR P 58 L5-14]:

"There's been no evidence that the testator is of sound mind. And that's a requirement for someone offering a will to probate to prove that Mr. Bedell, as the court is well aware, had sufficient ability to understand the business and effects of his cat, the capacity to know the objects of his bounty, the capacity to understand the general nature and extent of his property, memory

17

sufficient to collect the elements and hold them long enough to perceive their obvious relation and form a reasonable judgment.”

Again, during his rambling motion, Appellee's counsel at [RR P 58 L19-21],

suggested as a basis of his motion:

“And there was no testimony at all on—whether Mr. Bedell was a testator of sound mind.”

Finally, at the conclusion of his motion, counsel stated, at [RR P 62 L6-10]:

“I have some additional evidence to offer in our case, but I do think a directed verdict is appropriate if for no other reason than there was absolutely no evidence, not a scintilla, that the testator was of sound mind.”

The court immediately stated at [RR P 62 L11-12]:

“Well, Gus says enough stuff to get him there.”

The court denied Appellee's motion for directed verdict at [RR P 63 L2-3].

A look at the record here shows that, the trial court, after being notified that his findings of fact and conclusions of law were late […….] wholly failed to timely make such findings pursuant to the Texas Rules of Civil Procedure. Additionally, the record shows that the findings of fact and conclusions of law were not made and filed in this case until after this case was on appeal and in fact, after Appellant went to the time and expense of filing her Appellant's Brief herein when Appellee filed a motion to abate these proceedings.  On October 31,2014, this appeal was abated to the trial court with instructions to enter findings of fact and conclusions of law, and the trial court clerk was ordered to file a supplemental

18

clerk's record containing the findings and conclusions. The trial court clerk faxed the findings of fact and conclusions of law to this court on December 12, 2014. It appears that after almost eight months delay the trial court signed its Findings of Fact & Conclusions of Law on November 21, 2014. In light of the length of time between the trial of this cause and the signing of Findings of Fact & Conclusions of law and without benefit of the Reporter's Record, apparently the court forgot that it had ruled on the matter of testamentary capacity at the trial when denying Appellee's motion for directed verdict based upon that issue.

Without waiving the above, Appellant would show that in addition to the court's assertion that, "Well Gus says enough stuff to get him there," there exists uncontroverted testimony to the testamentary capacity of the decedent. In further compliance with the Probate Code §57, at the trial of this cause, regarding Wade Bedell's being of sound mind at the time the will was made Gus Brown testified at [RR P 31 L13-16] as follows;

The Court:        Yeah okay.
The Witness:      And he was a very, very intelligent man, but he had trouble
                  seeing.

at [RR P34 L1-3];

Mr. Wennermark:  Now, Mr. Brown, what was his mental condition at that time?
The Witness:      He was a very sharp older man.

Appellant would further point out that the decedent evidenced testamentary capacity by virtue of his typing his own will and listing his property therein.

19

The trial court's denial of Appellee's motion for instructed verdict based upon the decedent's testamentary capacity, the uncontroverted testimony of witness Gus Brown and the will of the decedent itself are more than indicative that the decedent had testamentary capacity and the court's finding of fact almost eight months post trial is in error.

Finally, on the point of Wade Bedell's testamentary capacity, Appellee's own witness, Joe Cervantes stated that even after 2005 he thought Mr. Bedell knew what he was doing even and seemed normal to him.

[RR P 98 L 10-13]

Mr. Carter: Okay. Later on after 2005, did Mr. Bedell and Mr. Cervantes have a dispute over the property?

A. No. Mr. Cervantes and I had a dispute over the three lots.

[RR P 106 L19-25]

Mr. Carter: Okay. But was there any -- is there any doubt in your mind or whether it was -- was there any equivocation from -- indicated by Mrs. Bedell during that conversation to the extent that Mr. Bedell didn't know what he was doing?

Mr. Cervantes: I think he knew what he was doing because the way he talked to me, he seemed normal to me, you know.

### APPELLANT'S POINT OF ERROR NUMBER FIVE

**The trial court erred in Finding of fact No. 9 wherein it stated, " The court further finds the competing Will contained no exordium clause" intimating that such is required in Texas for a valid will.**

20

An exordium clause is not required by Texas law for an instrument to be a valid will. As previously stated in point one hereof Texas case law in this regard is set forth in the 2001 Waco Court of Appeals case *Cason v. Taylor,* 51 S.W.3d 397 (Tex App Waco-2001). The court there held:

> "The standard way to revoke a will is by executing a new will that contains an expressed revocation clause, i.e., "I revoke all earlier wills and codicils." Burton v. Bell, 380 S.W.2d 561, 569 (Tex.1964). However, if a later will makes a complete disposition of the testator's property, it revokes all prior wills by implication. *Lisby v. Richardson's Estate*, 623 S.W.2d 448, 449 (Tex.App.--Texarkana 1981, no writ); *Baptist Foundation of Texas v. Buchanan*, 291 S.W.2d 464, 472 (Tex.Civ.App. --Dallas 1956, writ ref'd n.r.e.)"

Here, the 2005 will [CR 13] makes a complete disposition of the Wade Bedell's property, and even absent an exordium clause revokes the 2003 will by implication.

### APPELLANT'S POINT OF ERROR NUMBER SIX

**The trial court erred in Finding of fact No. 10 wherein it stated**, **"The court further finds that the competing Will contains numerous unintelligible handwritten interlineations and that no competent evidence of the date of the execution or interlineations was adduced by the contestant. The court finds that the competing Will contains numerous interlineations that were made with different pens at different times. No competent evidence was offered concerning the date(s) when the interlineations were made on the competing will or the identity of the individual(s)who made the interlineations."**

Granted, the 2005 will proffered by Appellant is out of the ordinary, having been typed by an octogenarian with eyesight problems and enlarged at a copy shop so that he could read it. There also appear on the will certain hand written

unintelligible notations or interlineations but these things do not comport with the provisions of Section 63 of the Texas Probate Code and are thus not capable of constituting circumstances which cast suspicion upon it.

In the case of *Pullen v. Russ*, 209 S.W.2d 630 (Tex.Civ.App. Amarillo 1948), the will shows erasures and interlineations. The words 'Florence Russ Wasson' and 'Minnie Russ Howard' are partially obliterated by ink and the word 'eight' is partially obliterated by pen scratches and above it is written the word 'seven,' and the word 'six' is written over the word 'seven.' There were other minor changes. In a codicil dated December 9, 1935, the word 'seven' is partially scratched out, and the word 'six' is written above it. There are some changes made in two deeds attached to the will. The court held:

> "By these changes it can be seen that the testator was attempting to change his will. It is the law in this state that changes in the original will properly executed by the testator are ineffective, and that the will must be probated as originally written unless such changes were made with the formalities required in the making of a will. A will cannot be changed or revoked except in a manner provided by law. If the names of the legatees were obliterated by Mr. Russ, or someone under his direction, after the will was executed, such acts are futile."

In *Simmons v. Gardner,* 134 S.W.2d 338 (Tex.Civ.App. Fort Worth 1939), subsequent to its execution, testatrix had made certain changes in her will, by drawing a pencil line through some words and interlining other words and figures. The application filed in the probate court sought to probate the will, not as originally written and executed, but as modified and changed by the pencil marks

22

and to probate the expressions found in the pencil changes as a codicil to the original will. The court held:

> "To have granted the relief thus sought would have changed materially the bequests as originally made. The apparent defacement of the instrument, by the means mentioned, did not constitute a revocation of the will. It did not in any respect meet the statutory requirements which provide how a revocation may be made."

The rulings in *Simmons* and *Pullen*, supra mandate that the will of Wade Bedell should be probated as originally written and the interlineations thereon ignored.

The evidence here established that the will in question had not been revoked and that there was no evidence of probative force to the contrary sufficient to raise an issue of revocation. The will was produced in court and, although containing certain writings and interlineations which did not comply with the Probate Code requirements for revocation, it was therefore unattended by any circumstances which would cast suspicion on it. Gus Brown testified that he witnessed the execution and the said Wade Bedell and that being of sound mind at the time, asked he, Mr. Cervantes and the Texas State Notary Public to witness his last will and testament when signing it in the witnesses' presence on July 7, 2005. The whole effect of Mr. Brown's testimony is that the will was executed with all the formalities and solemnities required by law unattended by any circumstances whatsoever to cast any suspicion upon its validity or solemn execution. The testimony of Gus Brown satisfied proponent's burden of proving that the will had

23

not been revoked. As queried in *McElroy v. Phink,* supra, does the statute make it incumbent upon the Appellant to go further, and offer additional evidence to prove the negative, namely, that it has not been revoked in any of the methods provided by law? Appellant suggests not. The will here having been established as having been duly executed by the testator, and having been produced, unattended by any circumstances which cast suspicion upon it, the presumption of the continuity of the status applies, and makes a prima facie case as against a revocation.

Therefore, Appellant proved, at the trial of this cause, that the Testator of the proffered will had attained the age of eighteen years and was of sound mind as required by §57 of the Texas Probate Code. The will proffered by Appellant was in writing and signed by the testator in person. As the will was not wholly in the handwriting of the testator, it was attested by two or more credible witnesses above the age of fourteen years who subscribed their names thereto in their own handwriting in the presence of the testator as required by §59(a) of the Texas Probate Code. Appellant further as required by §88(b)(3) proved that the proffered will was not revoked by the testator. Thus, the will proffered by Appellant was in writing and executed with the formalities required by the Probate Code to make it a valid will and pursuant to TEX PB. CODE ANN. §63 was all the evidence necessary to prove the revocation of the 2003 proffered by Appellee. The trial court's Finding of Fact & Conclusions of Law thusly was in error.

The case of *In Re Brown's Estate,* 507 S.W.2d 801, (Tex. Civ. App – Dallas

1974) wherein the Dallas Court of Appeals stated:

> "Our statutes do not define in so many words what form an instrument shall
> take before it becomes a will. A will is generally defined as an instrument by
> which a person makes a disposition of his property, to take effect after his
> death, and which by its own nature is ambulatory and revocable during his
> lifetime."

citing numerous cases all the way back in Texas jurisprudence to *Williams v.*

*Noland,* 10 Tex.Civ.App. 629, 32 S.W. 328 (1895, writ ref'd).   If a writing in

contains all of the factors above enumerated, the particular phraseology adopted by

the draftsman is of no consequence. In *Ferguson v. Ferguson*, 27 Tex. 339 (1864),

the Texas Supreme Court held:

> "However irregular it may be in form, or inartificial in expression, it is
> sufficient if it discloses the intention of the maker respecting the disposition
> of his property and that it is intended to take effect after his death, and is in
> its nature ambulatory and revocable during his life."

### APPELLANT'S POINT OF ERROR NUMBER SEVEN

**The trial court erred in Finding of fact No. 11 wherein it stated, "The
contestant's brother, Gus Brown, was unable to offer a date on which he
allegedly executed the competing Will."**

As might be expected when Findings of Fact and Conclusions of Law

are finally filed almost eight months after trial, the trial judge obviously had a

lapse of memory on this point.  The Reporters Record is quite clear regarding

Gus Brown's ability to offer a date on which the 2005 will was executed during

25

examination by Appellant's attorney, John D. Wennermark, to wit:

[RR P35 L2-8]

Q. Now, on that will, there's a date written toward the bottom. See that date?
A. Uh-huh.
Q. Was that the date that he signed the will?
A. Sure. Seven -- two days after my birthday.
Q. Okay.
A. Seven July 05.

The trial court obviously is in error in his Finding of Fact No. 11.

## APPELLANT'S POINT OF ERROR NUMBER EIGHT

**The trial court erred in Finding of Fact/Conclusion of Law No. 12 wherein it stated, "The court therefore finds and concludes that Wade Bedell either revoked the competing Will, or alternatively, that Wade Bedell never intended for the competing will to become effective."**

As previously stated in Point One of this brief, TEX PB. CODE ANN. §63

states:

> "No will in writing, and no clause thereof or devise therein, shall be revoked, except by a subsequent will, codicil, or declaration in writing, executed with like formalities, or by the testator destroying or canceling the same, or causing it to be done in his presence."

As pointed out by the Fort Worth Court of Appeals in *Simmons v. Gardner*

*id.* the interliniations and defacement of the 2005 will did not constitute a

revocation of the will as it did not in any respect meet the statutory requirements

which provide how a revocation may be made.

There simply is no evidence or testimony in the Reporter's Record of this

trial that can remotely be considered sufficient to support the court's alternative

26

finding that Wade Bedell never intended for the 2005 will to become effective.

Why else on July 7, 2005, would Wade Bedell sign the will and have witnesses,

including a Notary Public available to witness its execution.  Such finding flies in

the face of the testimony, evidence and logic.

## APPELLANT'S POINT OF ERROR NUMBER NINE

**The trial court erred in Conclusion of Law No. 14 wherein it stated**, **"The court concludes that Deborah Bedell failed to offer sufficient evidence to prove and establish all lawful elements of the July 7, 2005 competing will, that the contestant further failed to prove with sufficient evidence that the 2003 will was revoked, and failed to show that the 2003 will was not a valid, lawful will."**

In the interest of brevity and judicial economy, with regard to the courts

conclusion that Appellant failed to offer sufficient evidence to prove and establish

all lawful elements of the July 7, 2005 will, Appellant would refer this court to her

Point of Error Number One and her discussion thereof.  The discussion of that

point of error points out in  uncontroverted testimony and evidence that the 2005

will complied with §57, §59(a) and §88(b) of the Texas Probate Code constitution

a valid will.

Appellant would also point to her Point of Error Number One and her

discussion thereof to show that the 2003 will was revoked by implication by the 2005

will and that such revocation, as a matter of law, resulted in the 2003 instrument no

longer being a valid and lawful will.

27

## CONCLUSION

For all the foregoing reasons, Appellant, Deborah Bedell submits that the Probate Court erred in granting its judgment that the will of her late husband, proffered by her, be denied probate.

## PRAYER

Deborah Bedell respectfully prays that the Probate Court's judgment of April 1, 2014, be reversed and that judgment be rendered in favor of Deborah Bedell, admitting the will proffered by her in her Application for Probate of Will and Letters of Administration With Will Annexed to probate. Alternatively Deborah Bedell further prays the judgment be reversed and remanded for a new trial. Deborah Bedell further prays that she recover her costs on appeal from Robyn Zalewa and for all other relief to which she is entitled.

.                                              Respectfully submitted,

LAW OFFICES OF JOHN D. WENNERMARK
1924 North Main Avenue
San Antonio, Texas 78212
(210) 226-6262 – Phone
(210) 225-1351 – Fax
johnwennermark@hotmail.com

By: /S/ *John D. Wennermark*
JOHN D. WENNERMARK
State Bar Number 21177000
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

I, John D. Wennermark, attorney for Appellant, Deborah Bedell, certify that this document was generated by a computer using Microsoft Word which indicates that the word count of this document is 7,354 per Tex. R. App. P. 9.4(i)

/S/ *John D. Wennermark*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Appellant Deborah Bedell's Brief was served upon James W. Carter, IV, by fax transmission to (210) 222-0586 on the 1Oth day of February, 2015.

/S/ *John D. Wennermark*

JOHN D. WENNERMARK